Cratsley, J.
I. INTRODUCTION
Defendant Robert Barsell (Barsell) has been charged in 23 indictments.[1] Pending before the Court are two motions by defendant to dismiss some or all of the indictments against him. Defendant’s first motion to dismiss argues that the indictments against him are multiplicitous and/or duplicitous and therefore violative of his constitutional rights not to be held in double jeopardy and to due process. Defendant’s second motion to dismiss argues that the stalking statute, G.L. c. 265, §43, is unconstitutionally vague and that the indictments alleging violations of that section (Indictments 93697 and 93698) should therefore be dismissed.
Based upon the arguments presented in the parties’ briefs, memoranda, and orally in open court, this Com! makes the following rulings of law:[2]
II. DISCUSSION A Duplicity and Multiplicity
One danger of duplicitous or multiplicitous indictments is that they may result in multiple sentences for the same offense. North Carolina v. Pierce, 395 U.S. 711, 717 (1969); Commonwealth v. Donovan, 395 Mass. 20, 28 (1985). There is no duplicity problem, however, if each crime requires proof of an *10 additional fact that the other does not. Commonwealth v. Jones, 382 Mass. 387, 393 (1981). In questions of multiplicity (where the issue is whether a defendant may be convicted for more than one offense under a single statute), courts consider whether the Legislature intended to authorize more than a single conviction under the statute, Donovan, 395 Mass. at 28, Commonwealth v. Gurney, 13 Mass.App.Ct. 391, 399 n.9 (1982), and whether the two crimes constitute one continuing criminal impulse pursuant to a general scheme. Commonwealth v. Stastun, 349 Mass. 38, 45 (1965).
The “Harassment Indictments”
Defendant argues that the “harassment indictments”[3] are duplicitous of the indictments which charge a violation of a protective order. Defendant argues that some of these alleged crimes are duplicitous of the crime of violating a protective order,[4] and that the groups of indictments which charge numerous violations of a single statute are multiplicitous.[5]
This Court will not dismiss the indictments. Instead, following Jones, the juiy should be allowed to hear the potentially duplicitous charges. 382 Mass, at 395. If guilty verdicts are returned on more than one of the charges, the trial judge may enter judgment of conviction on only one charge, assuming he or she is not convinced that each crime required proof of an additional fact that the others did not. Id. at 393.
As for the question of whether some groups of these indictments (which allege numerous violations of a single statute) are multiplicitous, this Court is not convinced to dismiss any of the indictments. First, there is nothing in the statutes which form the bases of these indictments to indicate that the Legislature did not intend to allow multiple convictions. Second, although many of these indictments are entirely identical, at trial the Commonwealth may be able to prove each indictment through separate and distinct facts. At trial Defendant may move for a required finding of not guilty on any indictment(s) where the Commonwealth has not established all elements of the crime charged. Mass.R.Crim.P. 25. Alternatively, the trial court may exercise its discretion and not enter a judgment of conviction on any indictment clearly unsupported by the evidence. Jones, 382 Mass, at 393. Lastly, there is no danger of multiple punishment at this point in the proceeding against the defendant. Gurney, 13 Mass.App.Ct. at 399. n.9. For these reasons, the “harassment indictments," as modified by the bill of particulars, will stand for trial.
The Solicitation Indictments
Defendant also argues that the three solicitation indictments[6] are multiplicitous because they all arose from a single criminal act. The indictments are identical as to allegations of time and place, but differ in one significant way — each alleges a different victim.
These indictments are not dismissed for multiplicity reasons. While it is unclear fiom G.L. c. 274, §3 whether the Legislature intended to authorize more than a single indictment and conviction for this crime, at least one case holds implicitly that multiple indictments under this statute are not invalid. Commonwealth v. Asherowski, 198 Mass. 342, 349 (1907).
This Court will not dismiss the indictments and force the Commonwealth into amending any remaining charge(s). If the evidence at trial suggests three distinct criminal impulses, defendant may be convicted on each of the three counts. Stasiun, 349 Mass. at 45. As Jones instructs, the jury should hear the potentially multiplicitous charges. 382 Mass. at 395. Should the juiy return multiplicitous guilty verdicts it is within the trial judge’s discretion to enter a judgment of conviction and sentence on only one charge. Id.
The Assault and Batteiy Indictments
Defendant’s final claim is that seven of the nine indictments against him for assault and battery are multiplicitous.[7] Defendant incorrectly claims that these indictments are identical as to allegations of place. The Commonwealth’s Bill of Particulars alleges that the crimes took place at three different locations in Holbrook.
This Court is unwilling to dismiss the indictments for assault and batteiy for multiplicity reasons. At this point in these proceedings there is no danger of defendant being subjected to multiple punishment. Gurney, 13 Mass.App.Ct. at 399 n.9 (1982).
It is not clear whether the Legislature intended to allow more than single indictments. The words “assault” and “batteiy” are clearly singular in the statute. G.L. 265, §13A. It is highly unlikely that the Legislature intended two assaults which take place several days apart to be a single crime just because they involved the same defendant and the same victim. On the other hand, it is just as unlikely that the Legislature intended each assault to be fragmented into the numerous small acts which comprise its commission. Moreover, there is no way for the court to know now whether defendant acted under a single criminal impulse or many.
This Court will not dismiss the indictments and force the Commonwealth to amend any remaining charge(s). The better course is to allow the jury to hear the potentially multiplicitous charges, with the trial judge entering judgment of conviction on only one charge where punishment on more than one would be multiplicitous. Jones, 382 Mass. at 395.
B. Vagueness
Defendant’s second motion to dismiss challenges the constitutionality of the stalking statute on vagueness grounds. A law is void for vagueness if persons of common intelligence must necessarily guess at its meaning and differ as to its application. Smith v. *11 Goguen, 415 U.S. 566, 572 n.8 (1974). Vague laws compromise due process rights because they do not put individuals on notice of the conduct they proscribe and because of the possibility of arbitrary and discriminatory enforcement Grayned v. Rockford, 408 U.S. 104, 108-09 & n.4 (1972); Papachristou v. Jacksonville, 405 U.S. 156, 162 (1972); Commonwealth v. Jasmin, 396 Mass. 653, 655 (1985).
Proscribed conduct need not be defined with mathematical precision. Grayned 408 U.S. at 110; Commonwealth v. Bohmer, 374 Mass. 358, 372 (1978). It must, however, contain a “comprehensible normative standard." Commonwealth v. Orlando, 371 Mass. 732, 734 (1977). In determining whether an allegedly vague statute fosters arbitrary enforcement, the Supreme Court looks to whether it permits a “standardless sweep [that] allows police! 1. prosecutors, and juries to pursue their personal predilections.” Smith v. Goguen, 415 U.S. 566, 575 (1974).
This law is not unconstitutionally vague. The law clearly makes acts of repeatedly following and harassing another with the intent of putting that person in fear of death or serious bodily injury a crime. G.L. c. 265, §43(a). Stalking a person in violation of a protective order is also a crime. Id, §43(b). The law sufficiently warns reasonable persons of what conduct is illegal.
Nor does the statute create a danger of arbitrary or discriminatory enforcement. The statute contrasts starkly with the laws our Supreme Judicial Court has previously found void for vagueness. For example, in Commonwealth v. Williams, 395 Mass. 302, 306 (1985), the Court held that a city ordinance criminalizing sauntering and loitering was unconstitutionally vague based in part on the danger of arbitraiy enforcement: “[T]he ordinance fails to set minimal guidelines to govern law enforcement. Police do not have a standard by which to distinguish between the lawful conduct of mere sauntering and loitering and that which escalates to obstructing travelers.” Id The statute at issue here contains no such infirmity. The stalking statute prohibits malicious following, harassment and violations of protective orders. G.L. c. 265, §43(a), (b). The statute’s most vague term, “harasses," is defined with reasonable clarity. Id at §43 (d). Stated another way, it presents a normative standard for police, prosecutors and judges. Orlando, 371 Mass, at 734.
ORDER
For the reasons set forth above, it is ORDERED that the defendant’s motions to dismiss are DENIED.

The indictments allege violations of G.L. 265, §43, the stalking statute (Indictments 93697 and 93698), making threats of murder (Indictments 93699 to 93701), making annoying telephone calls (Indictments 93702 to 93705), assault and battery (Indictments 93706 to 93714), violating a protective order (Indictments 93715 and 93716) and counseling another to commit a felony (Indictments 94074 to 94075).

 Neither party presented the court with any evidence regarding the facts underlying this action. Accordingly this Court makes no factual findings with this decision.

 The indictments which defendant is apparently challenging here are 93697 to 93698 (stalking), 93699 to 93701 (threats to murder), and 93702 to 93705 (making annoying telephone calls).

 For example, proof of the facts necessary to sustain a conviction under the stalking statute violation may also be sufficient to prove the protective order violation.

 For example, G.L. c. 269, §14A states that it is illegal to place “repeated” phone calls for the purpose of harassment; this suggests that the law contemplates that indictments and prosecutions would be based on a series of acts rather than a single act.

 Indictments 94074, 94075 and 94076.

 Indictments 93706 to 93712.