## COMMONWEALTH vs. DENNIS O'BRIEN.

Hampshire.    September 17, 1901. — October 15, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, & BARKER, JJ.

*Lewd, Wanton and Lascivious Person.    Evidence,* Admissions.

Where on a complaint, under Pub. Sts. c. 207, § 29, charging the defendant with being a " lewd, wanton and lascivious person in speech and behavior " the proof is confined to the conduct of the defendant on a single occasion, the conduct proved is not the offence but only a ground of inference that the defendant is a person of the kind described, and everything that bears upon the inference to be drawn from his conduct should be admitted. If, therefore, a defendant is shown to have been guilty of lascivious conduct in a room with women, he is entitled to prove that he went to the room with innocent intent.

On the trial of a complaint, under Pub. Sts. c. 207, § 29, against a married man for being a " lewd, wanton and lascivious person," the evidence related to the conduct of the defendant on a single occasion and warranted the inference that he was then practising personal familiarities or having intercourse with a certain woman. *Whether* he should have been allowed to show a judgment of his acquittal upon an indictment for adultery on this same occasion, *quære.*

In a criminal case the defendant's failure to reply to a statement made in his presence concerning a material matter and under such circumstances as to call for a reply or denial, is evidence against him.

HOLMES, C. J.    This was a complaint alleging that the defendant " during the three months next before the finding of this complaint was a lewd, wanton and lascivious person in speech and behavior." Pub. Sts. c. 207, § 29.    The evidence was that on one night at two o'clock the police found the defendant in his shirt, trowsers and stockings, in a room with two women who were but slightly clothed and two men, one of whom was dressed and the other in bed.    The party had had food and whiskey.    Lewd talk was heard before the police were admitted, and also an exclamation which was explained by one of the women in the defendant's presence in. such a way as to warrant the inference that he was practising personal familiarities if not having intercourse with the other.

The defendant testified that he went to the room with innocent intent, and to corroborate his testimony offered evidence that his wife had told him not to come home and that she should not admit him, and that he was invited to this room as a place to pass the night in consequence of his trouble.    This

evidence was rejected and the defendant excepted. The defendant also excepted to the exclusion of a judgment of acquittal upon an indictment for adultery on this same occasion, and to a refusal to rule that upon the whole evidence the defendant must be acquitted.

The statute punishes being a certain kind of person, not doing a certain overt act, as was recognized by the words which we have quoted from the complaint. See *Commonwealth* v. *Parker*, 4 Allen, 313, 314. When, then, as in this case, the proof is confined to conduct on a single occasion, it does not sustain the complaint unless the conduct fairly warrants an inference that the defendant is a person of the kind described. See *Commonwealth* v. *Hopkins*, 2 Dana, 418, 420. And it follows that as the conduct proved is not the offence but only a ground of inference, everything that bears upon the inference to be drawn from it should be admitted. If we assume without deciding that the defendant's being in the room and doing whatever he may have done, unexplained, was some evidence against him, the inference that those facts were indicative of character might be affected very much by finding out how he happened to get there. If a man comes to a room innocently and unexpectedly finds there a woman who is willing to tempt him, something more than his remaining there an hour and practising personal familiarities short of intercourse with her must be proved in order to bring him within the act. We are of opinion that the corroborative evidence offered by the defendant should have been admitted.

We are not prepared to say that the acquittal from adultery should have been admitted, and it is not necessary to decide the point.

The explanation of a previously heard exclamation given by one of the women in the defendant's presence properly was ruled to be evidence against him, if found to concern a material matter and to have been made under such circumstances as to call for a reply or denial. *Commonwealth* v. *Galavan*, 9 Allen, 271. *Drury* v. *Hervey*, 126 Mass. 519, 522.

*Exceptions sustained.*

*J. B. O'Donnell*, for the defendant.

*J. C. Hammond*, District Attorney, for the Commonwealth.