COMMONWEALTH *vs.* GEORGE R. MARSHALL
(and seven companion cases against the same defendant).

Middlesex.   December 1, 1958. — January 30, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, &
WHITTEMORE, JJ.

*Evidence,* Admissions and confessions, Preliminary question.   *Practice, Criminal,* Preliminary hearing.

Where it clearly appeared at a criminal trial, soon after the beginning of testimony of a police officer respecting an interrogation of the defendant before trial, that statements made by the defendant to the officer amounted to confessions of crimes charged in the indictments and not merely to admissions of facts, there was reversible error on the part of the trial judge in refusing to comply with the established practice of holding a preliminary hearing in the absence of the jury on the admissibility of the statements, and in allowing the officer to continue his testimony in the presence of the jury.

EIGHT INDICTMENTS, found and returned on September 4, 1957, and September 6, 1957.

The cases were tried in the Superior Court before *Paquet,* J.

*Israel Bernstein,* for the defendant.

*Bernard E. Bradley, Jr.,* Assistant District Attorney, for the Commonwealth.

RONAN, J.   The defendant was tried and convicted upon eight indictments: some were for having committed an abominable and detestable crime against nature denounced by G. L. c. 272, § 34; one indictment was for violation of G. L. c. 272, § 35A; another charged the defendant with being a lewd, wanton and lascivious person under G. L. c. 272, § 53; another was for an indecent assault and battery; and the remaining indictments, based upon G. L. c. 119, § 63, charged him with having contributed to the waywardness and delinquency of certain minors.

As to the various motions for directed verdicts of not guilty, the judge granted such motions on counts 4 and 6

of indictment numbered 51,771 charging the defendant with contributing to the waywardness and delinquency of two named minors, and on count 1 of indictment numbered 51,947 charging him with an act of sodomy at Medford with a named minor. With respect to each of the counts contained in the various other indictments, there was ample evidence introduced at the trial — some circumstantial, and some by way of replies made by the defendant when interrogated by the police — to warrant the verdicts of guilty upon all the counts submitted to the jury. *Commonwealth* v. *Parker,* 4 Allen, 313. *Commonwealth* v. *Doherty,* 137 Mass. 245. *Commonwealth* v. *O'Brien,* 179 Mass. 533. *Commonwealth* v. *Delano,* 197 Mass. 166. *Commonwealth* v. *Whitcomb,* 227 Mass. 27. *DeGolyer* v. *Commonwealth,* 314 Mass. 626. *Jaquith* v. *Commonwealth,* 331 Mass. 439.

At the beginning of the testimony of a police officer who started to narrate the answers of the defendant to various questions put to him by the officer, it soon appeared that the replies made by the defendant in certain instances amounted to confessions to many of the crimes with which he was accused. The defendant as soon as this appeared requested the judge to hear the officer's testimony in the absence of the jury. This the judge declined to do and continued to hear the officer in the presence of the jury. The defendant's assignments of error numbered 11 through 25, inclusive, and 27 are based upon these exceptions some of which related to testimony of the officer in stating what clearly amounted to confessions on the part of the defendant.

The practice has long been established in this Commonwealth that, when statements amounting to a confession are offered in evidence, the question whether they were voluntary is to be decided at a preliminary hearing by the presiding judge in the absence of the jury. If he is satisfied that they are voluntary, they are admissible; otherwise they should be excluded. If the judge decides that they are admissible, he should then instruct the jury not to consider the confession if, upon the whole evidence in the case, they

are satisfied that it was not the voluntary act of the defendant. The ultimate decision rests with them although the judge himself might have come to a contrary opinion. *Commonwealth* v. *Preece*, 140 Mass. 276. *Commonwealth* v. *Reagan*, 175 Mass. 335, 338–339. *Commonwealth* v. *Sherman* 294 Mass. 379, 394. *Commonwealth* v. *Galvin*, 323 Mass. 205, 215–216. *Commonwealth* v. *Lee*, 324 Mass. 714, 720–721. *Commonwealth* v. *Valcourt*, 333 Mass. 706, 710. The judge considered that such statements were only admissions and did not constitute confessions. The statements were more than admissions, see *Commonwealth* v. *Haywood*, 247 Mass. 16, 18, distinguishing admissions from confessions, and the judge was in error in not holding the preliminary hearing and complying with the established practice.

That practice has been referred to in *Commonwealth* v. *Lee*, 324 Mass. 714, 720, as a "humane practice," giving the defendant two chances: first before the presiding judge who may decide to exclude the statements; and then before the jury who may disregard them. If the judge excludes them, the particular testimony is never heard by the jury; if the judge determines that they are competent, the jury may nevertheless disregard them.

The judge was in error in dealing with all of the defendant's replies as mere admissions, for some of them clearly appear to be confessions, the weight of which should have been left to the jury to decide depending upon whether they thought that they were free and voluntary or were the results of threats or coercion.

> *Judgments reversed.*
> *Verdicts set aside.*
> *Cases remanded to the Superior Court.*