RICHARD THOMES *vs.* COMMONWEALTH.

Suffolk.    December 4, 1968. — January 9, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & SPIEGEL, JJ.

*Common Night Walker.  Constitutional Law,* Due process of law, Common
    night walker. *Statute,* Construction. *Moot Question. Error, Writ of.
    Words,* "Common night walker."

A proceeding on a writ of error attacking a conviction in a criminal case
    was not barred on the ground of mootness although a period of pro-
    bation on a suspended sentence in the criminal case had expired. [204]
The phrase "common night walkers" in G. L. c. 272, § 53, as appearing in
    St. 1959, c. 304, § 1, should be construed as meaning only persons
    abroad at night soliciting people to have illicit sexual intercourse
    [207]; so construed, the phrase states a punishable crime with sufficient
    definiteness and is not on its face repugnant to the due process of law
    clauses of the Federal and Massachusetts Constitutions [207].
If a statute is reasonably susceptible of a construction whereby it will be
    constitutional, it is to be given that construction. [207]
In a proceeding on writ of error attacking a conviction in a prosecution
    under a statute constitutional on its face, the judgment must be
    affirmed on a record containing only the complaint and the sentence
    but no evidence. [208]

PETITION filed in the Supreme Judicial Court for the
county of Suffolk on January 10, 1967.

The case was reserved and reported by *Spalding,* J.

The case was submitted on briefs.

*Ronald J. Chisholm & Gerard F. Schaefer* for the peti-
tioner.

*Willie J. Davis,* Assistant Attorney General, for the
Commonwealth.

SPALDING, J.    This petition for a writ of error seeks to set
aside a conviction in the Municipal Court of the City of
Boston.    The case was heard in the county court on the
pleadings and return; no evidence was introduced.    The
single justice, without decision, reserved and reported the
case to the full court.

The petitioner was convicted in September, 1964, under a

complaint charging that he "was and now is a common night walker." The complaint was based on G. L. c. 272, § 53, as appearing in St. 1959, c. 304, § 1, which reads: "Stubborn children, runaways, *common night walkers, both male and female,* common railers and brawlers, persons who with offensive and disorderly act or language accost or annoy persons of the opposite sex, lewd, wanton and lascivious persons in speech or behavior, idle and disorderly persons, prostitutes, disturbers of the peace, keepers of noisy and disorderly houses and persons guilty of indecent exposure may be punished . . ." (emphasis supplied). The petitioner received a one month sentence, but this sentence was suspended and he was placed on probation until September 22, 1965. Although the petitioner apparently is no longer on probation for this offence, he nevertheless may attack the judgment in order to "undo the disgrace and legal discredit of a conviction." *Commonwealth* v. *Fleckner,* 167 Mass. 13, 15. *Kenworthy & Taylor, Inc.* v. *State Examrs. of Electricians,* 320 Mass. 451, 453–454.

The petitioner's position is that the relevant part of § 53 is unconstitutional on its face under arts. 1, 12, and 14 of the Declaration of Rights of the Massachusetts Constitution and under the due process clause of the Fourteenth Amendment to the United States Constitution because the statutory provisions do not state a crime for which punishment may be imposed and because they are unduly vague. A consideration of this argument requires an examination of the history and meaning of the term "common night walker" as used in the statute.

The phrase "night walker" apparently originated in St. 5 Edw. III, c. 14, where it was directed to suspicious strangers abroad at night. See also 2 Hawk. P. C. c. 10, §§ 34 and 58. The watchmen could arrest night walkers and commit them to custody until the morning. 4 Blackstone, Commentaries (21st ed.) p. 292. Likewise in 1660 the colonial laws of Massachusetts provided that the watchmen should "examine all *Night Walkers* after *ten of the clock at Night* (unless they be known peaceable inhabitants) to en-

quire *whither they are going,* and what their business is, and
in case they give not *Reasonable Satisfaction* to the Watch-
men or constable, then the constable shall forthwith secure
them till the morning, and shall carry such person or persons
before the next Magistrate or Commissioner, to give satis-
faction, for their being abroad at that time of night. And
if the watchmen shall find any Inhabitant or stranger, after
ten of the clock at Night, behaving themselves any wayes
debauchedly, or shall be in drink, the Constable shall secure
them by Commitment or otherwise till the Law be satisfied."
Colonial Laws (1889 ed.) 198–199.

Another colonial statute provided that a magistrate could
commit a "common night walker." Colonial Laws (1889
ed.) 187. It is this second statute which apparently formed
the basis of G. L. c. 272, § 53. The relevant provisions of
Rev. Sts. c. 143, § 5, and Gen. Sts. c. 165, § 28, did not
differ significantly from the colonial statute. The first major
change was the appearance of the phrase "both male and
female" in Pub. Sts. c. 207, § 29. The addition of this
phrase apparently was based on St. 1876, c. 118, which
reads as follows: "Any male person who by night frequents
the streets, highways or public places, or who goes about or
abroad with the intent to entice, allure or invite any one to
illicit sexual intercourse, shall be deemed a common night-
walker, and shall be punished in the same manner as those
now deemed common night-walkers are punished." The
remaining statutory history of § 53 is not material to the
case at bar.

Another statute of significance is G. L. c. 277, § 79, which
sets forth the form that a complaint or indictment may take
for certain crimes. The suggested form for the indictment or
complaint of a common night walker reads in part as fol-
lows: "That A. B., during the three months next before the
making of this complaint, was a common nightwalker,
habitually walking in the streets in the night time for the
purpose of prostitution."[1]

---

[1] This quotation from G. L. c. 277, § 79, is based on St. 1899, c. 409, § 28.

It appears from this examination that, although the term "night walker" once had a very broad meaning which could apply to anyone walking on the public streets after ten o'clock at night, the meaning has since been narrowed so that it apparently applies only to persons abroad at night who solicit, or perhaps only intend to solicit,[2] someone to have illicit sexual intercourse.

The case law also indicates that the term has been given both a broad and a narrow meaning, with the latter becoming more prevalent. In *Stokes* v. *State*, 92 Ala. 73, 75, the court pointed out that a night walker has been defined both as one "who has a habit of being abroad at night for the purpose of committing some crime, of disturbing the peace, or doing some wrongful or wicked act" and as one who strolls the streets at night "for immoral purposes, or, as charged in the indictment, 'for the unlawful purpose of picking up men for lewd intercourse.'" See *State* v. *Dowers*, 45 N. H. 543; *People* v. *Berger*, 169 N. Y. S. 319; Black's Law Dictionary (4th ed.) 1195. Generally, however, the term has "come to mean a prostitute who solicits men on the street." 2 Wharton's Criminal Law and Procedure, § 758. *People* v. *Berger*, *supra*, at p. 321. Our statute is not limited to females, since it specifically refers to males as well.

But the petitioner contends that the relevant part of § 53 is unconstitutional, even if "night walker" is not given its broadest meaning. He argues, for example, that if § 53 is intended to punish people who walk the streets at night for an illegal purpose (see *State* v. *Dowers*, 45 N. H. 543), the statute would aim at conduct which falls short of an attempt to commit a crime and hence is unconstitutional. A similar argument could be made if § 53 is interpreted as applying, like St. 1876, c. 118, to any male "who goes about or abroad with the *intent* to entice, allure or invite any one to illicit sexual intercourse" (emphasis supplied).

We are disposed to construe the statute more narrowly.

---

[2] As we shall point out later, we construe the statute as requiring something more than mere intent.

Traditionally the law has not punished a person who merely intends to do an illegal act. Perkins on Criminal Law, 470. 1 Wharton's Criminal Law and Procedure, § 65. *Sherman* v. *United States,* 10 F. 2d 17, 18 (6th Cir.). Although one could not be punished as a night walker without committing the "act" of walking on the streets or at least being abroad at night, such an act certainly is not criminal in itself. *Alegata* v. *Commonwealth,* 353 Mass. 287, 292. Conduct which falls short of an attempt has never been punishable. *Alegata* v. *Commonwealth, supra,* at p. 301. "As the aim of the law is not to punish sins, but is to prevent certain external results, the act done must come pretty near to accomplishing that result before the law will notice it." *Commonwealth* v. *Kennedy,* 170 Mass. 18, 20 (Holmes, J.).

A construction suggested by the Commonwealth is that a person may be convicted as a night walker if he is "abroad at night *attempting* to allure someone to illicit sexual intercourse" (emphasis supplied). If § 53 is thus limited as prohibiting only the solicitation of people to have illicit sexual intercourse, the statute would describe conduct for which criminal punishment could be imposed. We so interpret the statute.

It has long been recognized that a statute "which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." *Connally* v. *General Constr. Co.* 269 U. S. 385, 391. *Commonwealth* v. *Carpenter,* 325 Mass. 519, 521, and cases cited. But if a statute can be made constitutionally definite by a reasonable construction, the court is under a duty to give it that construction. *United States* v. *Harriss,* 347 U. S. 612, 618. See *Demetropolos* v. *Commonwealth,* 342 Mass. 658, 660. This was the course adopted in *Alegata* v. *Commonwealth,* 353 Mass. 287, 302–304, in upholding the "idle and disorderly" portion of § 53 against the charge of vagueness. Thus, construing the statute in the limited manner outlined above, we are of opinion that it is not void for vagueness.

The petitioner chose to challenge § 53 by writ of error. On this record, which contains no evidence but only the complaint and the sentence, we find no error of law. The judgment is affirmed.

*So ordered.*