CAMILLE E. JOYNER *vs.* COMMONWEALTH.

Suffolk. February 5, 1970. — July 1, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Stubborn Child. Minor. Words,* "Child."

The term "children" in the words "stubborn children" in G. L. c. 272, § 53, does not mean those who have attained their eighteenth birthday.

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on March 25, 1969.

The case was reserved and reported by *Kirk,* J., without decision.

*A. Van C. Lanckton* for the petitioner.

*James O. Druker,* Deputy Assistant Attorney General, for the Commonwealth.

KIRK, J. By this petition for a writ of error the petitioner seeks to have reversed a judgment of conviction in the Third District Court of Eastern Middlesex (District Court) on a complaint charging that she was "a stubborn child" in violation of G. L. c. 272, § 53. The case came before the single justice who reserved and reported it without decision upon the pleadings, return and assignments of error.

The petition alleges the following facts which are admitted by the answer of the Commonwealth. On January 6, 1968, a complaint was filed in the District Court by one Sarah Bell

charging, in the form prescribed by G. L. c. 277, § 79, that "Camille E. Joyner, a minor, during the three months next before the making of this complaint, was a stubborn child and stubbornly refused to submit to the lawful and reasonable commands of said complainant, said Sarah Bell, whose commands said minor was bound to obey." The petitioner pleaded not guilty, and was convicted on January 22, 1968. After the filing of an initial petition for a writ of error the case was remanded to the District Court for final disposition, and on March 7, 1969, the petitioner was sentenced to ten days in the house of correction. The sentence was suspended.

The petitioner contends, first, that the "stubborn children" provision of G. L. c. 272, § 53, as appearing in St. 1959, c. 304, § 1,[1] is unconstitutionally vague, indefinite and uncertain; second, that the sentence imposed constitutes cruel and unusual punishment; and third, that since she was over eighteen years of age at the time of the conduct complained of, she was not a "child" within the meaning of the statute.

We dispose of the case on the third ground, i.e., that the petitioner was not a "child" within the meaning of G. L. c. 272, § 53.

The uses and definitions of the terms "child" and "children" are many and varied. See Webster's Third New International Dictionary, Unabridged, 388 (1961). 14 C. J. S., Child or Children, p. 1106. In *Nelson* v. *Cushing*, 2 Cush. 519, 533–534, the term "children" was contrasted with "youth," the latter term being characterized as "referring to and embracing young persons of somewhat more advanced age and proficiency . . . ." In G. L. c. 149, § 1, "child" is defined, for the purposes of the chapter regulating labor and industries, as "a person under eighteen.' Com-

---

[1] "*Stubborn children*, runaways, common night walkers, both male and female, common railers and brawlers, persons who with offensive and disorderly act or language accost or annoy persons of the opposite sex, lewd, wanton and lascivious persons in speech or behavior, idle and disorderly persons, prostitutes, disturbers of the peace, keepers of noisy and disorderly houses and persons guilty of indecent exposure may be punished by imprisonment in a jail or house of correction" or by fine or both (emphasis supplied).

pare G. L. c. 76, § 1; c. 175, § 128; c. 269, § 12A; c. 272, § 28.

No definition of "child" or "children" is given in G. L. c. 272, § 53, nor has that provision been judicially construed. The statutory form of complaint, G. L. c. 277, § 79, requires an allegation that the person complained of is "a minor." We do not think, however, that the term "children" in c. 272, § 53, even when read with c. 277, § 79, can be said to include all those who have not yet reached their twenty-first birthday. In G. L. c. 119, § 52 (as amended through St. 1960, c. 353, § 1), a "delinquent child" is defined as "a child between seven and seventeen who violates any city ordinance or town by-law or who commits any offence against a law of the commonwealth." A "wayward child" is also defined in terms of "a child between seven and seventeen years of age." Proceedings against children of those ages are governed by G. L. c. 119, §§ 52–63, inclusive, and jurisdiction in the first instance lies exclusively in the juvenile session. See G. L. c. 119, § 74, as amended through St. 1964, c. 308, § 6.[2] See also *Metcalf* v. *Commonwealth*, 338 Mass. 648; *D'Urbano* v. *Commonwealth*, 345 Mass. 466. "Limited jurisdiction over juveniles who have passed their seventeenth birthday is provided in § 72, but it remains expressly only jurisdiction in respect of 'children.' There is no provision which in terms gives jurisdiction over a child apprehended when under seventeen and not brought to trial until after eighteen. There are indications that jurisdiction ends when the child attains eighteen . . . ." *D'Urbano* v. *Commonwealth*, *supra*, at 470.[3]

---

[2] The amendment to § 74 embodied in St. 1967, c. 787, took effect after the petitioner's conviction.

[3] Although § 72 was substantially rewritten by St. 1964, c. 308, § 3, the above quoted language is still pertinent. At the time of the petitioner's conviction § 72 read in part: "Courts, including the superior court on appeal, shall continue to have jurisdiction in their juvenile sessions *over children who attain their seventeenth birthday pending adjudication of their cases* . . ; and if a child commits an offense prior to his seventeenth birthday *and is not apprehended until between his seventeenth and eighteenth birthdays*, the court shall deal with such child in the same manner as if he had not attained his seventeenth birthday . . . . *Nothing herein shall authorize the commitment of a child to the youth service board after he has attained his eighteenth birthday or give*

It is clear that the term "children" in c. 119, §§ 52 et seq., does not include those who have attained their eighteenth birthday. We think that the term should be given the same meaning in c. 272, § 53. An anomaly would arise if the petitioner could on the one hand be legally married by a magistrate or clergyman despite the objections of her parents (G. L. c. 207, § 7), and on the other hand be sentenced to the house of correction for refusing to obey her parents' command not to see her intended husband.

In view of the fact that the statute as we construe it does not apply to the petitioner, we need not decide the other issues raised by the petitioner. See *Cole* v. *Chief of Police of Fall River*, 312 Mass. 523, 526, app. dism. sub nom. *Cole* v. *Violette*, 319 U. S. 581, reh. den. 320 U. S. 810; *Bowe* v. *Secretary of the Commonwealth*, 320 Mass. 230, 245, and cases cited; *Attorney Gen.* v. *Dover*, 327 Mass. 601, 608.

The judgment of the District Court is reversed and judgment is to be entered for the defendant (petitioner here). The petitioner is entitled to costs to be paid by the county of Middlesex. G. L. c. 250, § 12. *Alegata* v. *Commonwealth*, 353 Mass. 287, 293, 298, 301.

*So ordered.*

---

*any court in its juvenile session any power or authority over a child after he has attained his eighteenth birthday"* (emphasis supplied). See also G. L. c. 119, § 72A, inserted by St. 1964, c. 308, § 4, wherein it is provided that "The case of any *person* who commits an offense or violation prior to his seventeenth birthday, and who is not apprehended until after his eighteenth birthday," shall be heard in the juvenile session, which "either shall order that the *person* be discharged . . . or shall order that the complaint be dismissed" if the public interest requires that the *"person"* be tried in a criminal court for the offence (emphasis supplied).