STEPHEN T. KEEFE, JR.
  for Defendant

*Southern District*

## BARBARA EVATTE AND WILLIAM M. EVATTE

v.

## RAYMOND M. BEHANNA

Argued: Sept. 10, 1971 - Decided: May 2, 1972

*Present:* Murphy, P.J., Covett, Sullivan, J.J.

Case tried to *Rider, J.,* in the District Court of East Norfolk, No. 62169

**Sullivan, J.** This is a tort action arising from the collision of two cars in an intersection. Both operators claimed to have had a green light. The trial judge made a general finding for the plaintiff-operator for personal injuries and the plaintiff-owner for property damage. The defendant, operator of the other car, has appealed two rulings of the judge both of which admitted a hearsay statement into evidence.

The judge erred in one of the rulings but that did not constitute prejudicial error.

On direct examination the plaintiff-operator testified that immediately after the accident an unidentified male helped her out of the car. They were joined by the defendant who asked her, "Why you jumped the red light?" The plaintiff then offered into evidence a reply made by the unidentified man, to which defendant's counsel objected on the ground of hearsay. The objection was overruled and the plaintiff was

permitted to testify that the man said to the defendant: "I was behind you — you went through a red light." The plaintiff further testified that the defendant made no reply.

On direct examination the plaintiff-owner testified that while he was at a police station later that evening making out an accident report, the defendant came in and talked with a police officer. The plaintiff was then permitted to testify, over objection on the ground of hearsay, that the officer said to the defendant: "You'll have to make out accident reports. Someone there said you ran the red light." And that the defendant replied. "I might have, I could have, I'm color blind, I flunked my draft physical because of that."

The situation at the police station comes within the rule which says, in effect, that when a statement requiring contradiction is made and the party makes an equivocal reply or one that partially admits the statement, both the statement and the reply are admissible. *Commonwealth* v. *Lucas,* 332 Mass. 594. Here, the defendant's reply that he "could have, I'm color blind . . ." was at least equivocal. The question of the admissibility of evidence sometimes requires the judge to make preliminary findings of fact. In this instance, the judge had to first determine if the officer's statement was one which called for a reply by the defendant. In the absence of express findings of preliminary facts, the Appellate Court will infer that,

if the testimony was admitted, the judge made the necessary preliminary findings and that there was evidence to support them, unless the record shows that no such finding was or could have been made. *Saba* v. *Cohen,* 333 Mass. 557. We do not find error in the admission of this testimony.

The situation at the scene of the accident was somewhat different. The applicable rule of evidence is that when a party fails to respond to a statement under circumstances in which a reply normally would be expected, both the statement and the silence are admissible as tending to show a concession of the truth of the facts stated. However, silence is not to be construed as an admission if the party has already denied the assertion. *Refrigeration Disc. Corp.* v. *Catino,* 330 Mass. 230. In this instance, the defendant's silence could not be construed as an admission because he had just expressed a contrary opinion by accusing the plaintiff-operator of going through a red light. The defendant's objection should have been sustained.

The "hearsay rule" prohibits the use of statements, made by persons not at the trial, which are offered as proof of the content of the statement. The rule would exclude the use of the unknown man's "you jumped the red light" as proof that he saw the defendant go through a red light. However, the statement was not allowed into evidence for that purpose,

and we do not presume that the judge ever considered it as such. It was allowed into evidence for the limited purpose of showing defendant's state of mind. It was evidence towards proof that, by not responding to the statement, the defendant himself was saying that his light was red. The judge's error was not that of allowing the statement to come in as evidence of the color of the light; his error was that of allowing himself to consider the defendant's silence as evidence of how the defendant saw the light. We do not consider his error to be prejudicial because there was other evidence tending to show a similar state of mind of the defendant as to how he saw the light.

Both hearsay statements in question were used only to introduce "statements" of the defendant. The entire evidence in this trial came from the lips of the parties themselves. They were able to dispute each other's stories and were subject to cross-examination. The central issue of who had the green light hinged on their credibility. The credibility of witnesses is exclusively for the trial judge. *MacDonald* v. *Adamian*, 294 Mass. 187, 191.

**The report is ordered dismissed.**

STEPHEN A. HOPKINS
  for Plaintiff
PAUL W. KIESSLING
  for Defendant