## COMMONWEALTH *vs.* A JUVENILE (No. 2).

Hampden.    January 9, 1978. — March 30, 1978.

Present: HALE, C.J., KEVILLE, & BROWN, JJ.

*Practice, Criminal,* Double jeopardy. *Constitutional Law,* Double jeopardy. *Prostitution. Lewd and Lascivious Conduct.*

The prohibition against double jeopardy required dismissal of a complaint for prostitution against a juvenile who had previously been prosecuted on the same evidence on a charge of being a lewd, wanton, and lascivious person in speech and behavior. [196–197]

COMPLAINT received and sworn to in the Springfield Juvenile Court on January 26, 1977.

Following appeal to the Superior Court, the case was tried before *Bregianes,* J., a District Court judge sitting under statutory authority.

*J. Russell Hodgdon* for the defendant.

*Dianne M. Dillon,* Special Assistant District Attorney (*John T. McDonough,* Assistant District Attorney, with her) for the Commonwealth.

HALE, C.J. The juvenile was adjudged delinquent in a Juvenile Court on a complaint charging her with prosti-

tution. She appealed from that finding and was again found delinquent by reason of prostitution by a jury in the Superior Court. The case is before us on a bill of exceptions. The sole exception argued is that the judge in the Superior Court erred in denying the juvenile's motion to dismiss the prostitution complaint on the ground that she had previously been prosecuted on the same evidence on a charge of being a lewd, wanton, and lascivious person in speech and behavior and was thus impermissibly twice placed in jeopardy when she was separately tried for prostitution.

In the initial Juvenile Court proceeding (on the lewd, wanton, and lascivious person complaint) the Commonwealth presented evidence as follows. An officer of the Springfield police department testified that on January 13, 1977, he observed the juvenile approaching automobiles which were passing along Taylor Street in Springfield. He overheard the defendant ask one driver whether he was going out and if he had twenty-five dollars to spend. The juvenile then entered the automobile, and the officer lost sight of her. The officer radioed and was then joined by his partner. They approached the automobile, which was stopped on Frank B. Murray Street, and arrested the juvenile. The sum of twenty-five dollars and an unused prophylactic device were found in the juvenile's possession during a subsequent search at the police station.

After the presentation of testimony by the Commonwealth the juvenile's attorney moved for a finding of not delinquent, and the Juvenile Court judge dismissed the complaint. Later that day a second complaint was issued charging the defendant with delinquency by reason of prostitution. The parties agree that the facts set forth in the hearing on the lewd, wanton, and lascivious person complaint were the same as those set forth in the subsequent prostitution proceedings. The Commonwealth does not contend that jeopardy did not attach in the initial proceeding. See *Commonwealth* v. *Clemmons*, 370 Mass. 288, 292 (1976), and cases cited.

In cases involving consecutive prosecutions on the same facts the test to determine whether the defendant has been placed in double jeopardy for the same act is whether the defendant might have been convicted in the earlier prosecution by proof of the facts charged in the later complaint. *Kuklis* v. *Commonwealth*, 361 Mass. 302, 306–307 (1972), and cases cited. "A single act may be an offence against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id.* at 306, quoting from *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871). See also *Gallinaro* v. *Commonwealth*, 362 Mass. 728, 733 (1973); *Salemme* v. *Commonwealth*, 370 Mass. 421, 423 (1976); *Commonwealth* v. *Gallarelli*, 372 Mass. 573, 577 (1977).

Applying this test to the present case, we have no difficulty in distinguishing the necessary proof of prostitution from that of the offense of being a lewd, wanton, and lascivious person. The definition of prostitution comprises two grounds for conviction; the performance of indiscriminate sexual acts for hire and the indiscriminate solicitation or agreement to perform sexual acts for hire. *Commonwealth* v. *King*, 374 Mass. 5, 14 (1977). See G. L. c. 277, § 79. An essential element of proof common to both grounds is the commercial nature of the sexual transaction. This element is wholly unnecessary to the proof of the offense of being a lewd, wanton, and lascivious person. G. L. c. 277, § 79.

We fail, however, to identify an element of proof necessary for establishing the offense of being a lewd, wanton, and lascivious person which is additional to or apart from that required for proof of prostitution. The offense of being a lewd, wanton, and lascivious person may be proven by evidence of the defendant's commission of a single act or a series of acts. *Commonwealth* v. *Parker*, 4 Allen 313, 314 (1862). All that is required is that the proven conduct warrant the inference that the defendant is a person of

the kind described. *Commonwealth* v. *O'Brien,* 179 Mass. 533, 534 (1901). The terms "lewd," "wanton," and "lascivious" cumulatively describe a type of person who commonly engages in or is willing to engage in sexual conduct which is repugnant to prevailing moral standards.[1]

Historically, proof of prostitution has been sufficient to sustain a conviction on a charge of being a lewd, wanton, and lascivious person. Prior to the enactment of St. 1959, c. 304, § 1, which added prostitution to the offenses enumerated in G. L. c. 272, § 53, acts of commercial sex had been prosecuted under statutes punishing "lewd, wanton, and lascivious persons in speech and behavior." *Commonwealth* v. *King, supra* at 12. See also *Commonwealth* v. *Doherty,* 137 Mass. 245 (1884); *Commonwealth* v. *Diamond,* 248 Mass. 511, 517 (1924); *Commonwealth* v. *Twombly,* 319 Mass. 464 (1946). In the *King* case the Supreme Judicial Court further recognized the congruity between the two offenses in noting that "the Legislature failed to define the lewd, wanton, and lascivious speech and behavior it reclassified as prostitution . . . ." 374 Mass. at 12.

The juvenile's activities in this case were sufficient to support the charge of prostitution, and it follows that those activities were also sufficient to show that she was a lewd, wanton, and lascivious person. Compare *Costarelli* v. *Commonwealth,* 374 Mass. 677, 683-684 (1978). We hold that the juvenile was twice placed in jeopardy for the same act by the consecutive prosecutions in this case. Accordingly, the judgment is reversed, the verdict is set aside, and the case is remanded to the Superior Court for dismissal of the complaint.

*So ordered.*

---

[1] The definitions appearing in Webster's Third New International Dictionary (1971) for the words "lewd," "wanton," and "lascivious" (at 1301, 2575, and 1274, respectively) all include similar references to terms such as "sexually unchaste," "licentious" and "lustful." The statutory definition of the offense appears to be redundant rather than disjunctive.