COMMONWEALTH *vs.* JOSEPH GRASSO, JR.

Suffolk. April 3, 1978. — May 1, 1978.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & LIACOS, JJ.

*Practice, Criminal,* Variance, Duplicitous convictions. *Firearms.*

A variance between complaints under G. L. c. 269, §§ 10 (a) and 10 (h), charging the defendant with possession of "a firearm, to wit a .12 gauge [*sic*] . . . shotgun" and proof at trial that the shotgun had a barrel more than eighteen inches long and was, therefore, not a firearm within the definition in c. 140, § 121, did not result in any prejudice to the defendant which would require dismissal of the complaints. [139-140]

Where concurrent sentences were imposed on a defendant who was convicted on duplicitous charges, this court declined to disturb them. [140]

COMPLAINTS received and sworn to in the Municipal Court of the City of Boston on August 16, 1976.

On appeal to the Superior Court the case was tried before *Roy, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Alfred Paul Farese* for the defendant.

*John Gibbons,* Assistant District Attorney, for the Commonwealth.

BRAUCHER, J. The defendant was convicted of carrying a shotgun under his control in a vehicle, in violation of G. L.

c. 269, § 10 (*a*), and of having the shotgun in his possession, in violation of G. L. c. 269, § 10 (*h*). He appealed to the Appeals Court, and we transferred the case here on our own motion. The only question argued is whether there was a fatal variance between the complaints and the proof. We hold that there was not, and affirm the convictions. Although the violation of § 10 (*h*) was in the circumstances included in the violation of § 10 (*a*), the sentences were concurrent. Hence, we hold, the duplication did not prejudice the defendant.

1. *Variance.* The § 10 (*a*) complaint described the weapon as "a firearm, to wit a .12 gauge [*sic*] Harrington and Richardson shotgun." The § 10 (*h*) complaint was similar. The shotgun had a barrel more than eighteen inches long and was therefore not a "firearm" within the definition in G. L. c. 140, § 121. Under § 10 (*a*) the carrying of a shotgun in a vehicle is forbidden, whatever the length of barrel. An ordinary shotgun may be carried by a holder of a "firearm identification card" issued under G. L. c. 140, § 129B; subject to exceptions a license to carry firearms issued under G. L. c. 140, § 131, is required to carry a "firearm." Under § 10 (*h*) possession of either a "firearm" or a shotgun is forbidden unless there is compliance with the requirements relating to a firearm identification card in G. L. c. 140, § 129C.

In general, a crime must be proved as charged and must be charged as proved. But a defendant is not to be acquitted on the ground of variance between the allegations and proof if the essential elements of the crime are correctly stated, unless he is thereby prejudiced in his defense. G. L. c. 277, § 35. See *Commonwealth* v. *Clark,* 5 Mass. App. Ct. 673, 677-678 (1977). Here the complaints correctly stated the essential elements of carrying a shotgun in a vehicle and possessing a shotgun, and any allegation as to the length of the barrel was surplusage. Before the defendant was arrested he said he did not have a license for the gun, and there is no contention that he had either a license to carry it or a firearm identification card. See *Commonwealth* v.

*Jones,* 372 Mass. 403, 406 (1977). There is no claim that he was prejudiced in his defense by the variance.

We do not condone the confusing use of the word "firearm" in the complaints. They should have been amended as soon as the defect came to light. But the defendant is not entitled to an acquittal in the absence of prejudice. Compare *Commonwealth* v. *Moscatiello,* 257 Mass. 260, 261-262 (1926) (carrying versus carrying under control in a vehicle), with *Commonwealth* v. *Ohanian,* 373 Mass. 839, 843-844 (1977) (likelihood of prejudice).

2. *Duplication.* In the circumstances of this case it is clear that the charge of carrying under the defendant's control in a vehicle included all the elements of possession, and that there was duplication in the charges. Hence only the sentence imposed on the more serious crime, violation of § 10 (*a*), is valid. *Kuklis* v. *Commonwealth,* 361 Mass. 302, 305-309 (1972). The defendant has not argued the point, but we would take notice of it on our own motion if the defendant had been prejudiced. Since the sentences imposed were concurrent, however, we do not disturb them. See *Commonwealth* v. *Kiley,* 373 Mass. 454, 461-462 (1977).

*Judgments affirmed.*