COMMONWEALTH vs. ROBERT W. TEMPLEMAN.

Hampden. September 12, 1978. — October 16, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Due Process of Law*, Vagueness of statute. *Lewd, Wanton and Lascivious Persons. Words*, "Lewd, wanton and lascivious."

The provisions of G. L. c. 272, § 53, imposing criminal sanctions on lewd, wanton and lascivious persons in speech or behavior, as limited to public conduct, are not unconstitutionally vague or overbroad. [534–538]

The provision of G. L. c. 272, § 53, imposing a criminal sanction on lewd, wanton and lascivious persons in speech or behavior, was not applicable to the conduct of a defendant who allegedly had intercourse with his stepdaughter in the home in which they both lived. [537–538] KAPLAN, J., concurring in the result.

INDICTMENTS found and returned in the Superior Court on March 10, 1977.

The cases were tried before *Bregianes, J.*, a District Court judge sitting under statutory authority.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Margaret Hayman* for the defendant.

*John J. McDonough*, Assistant District Attorney, for the Commonwealth.

BRAUCHER, J. We are asked to consider the constitutionality of G. L. c. 272, § 53, so far as it imposes criminal sanctions on "lewd, wanton and lascivious persons in speech or behavior." To avoid the defendant's claim that the statute is unconstitutionally vague and overbroad, we attempt to make it constitutionally definite by giving it a reasonable construction. As we construe it, it does not apply to the defendant, and we reverse his conviction. We affirm his conviction under G. L. c. 272, § 16.

After a jury trial, the defendant was acquitted of rape but convicted of "open and gross lewdness and lascivious behavior" under G. L. c. 272, § 16, and of being a "lewd, wanton and lascivious person in speech or behavior" under G. L. c. 272, § 53. He was given consecutive sentences in a house of correction of two years on the § 16 charge and six months on the § 53 charge, and he appeals pursuant to G. L. c. 278, §§ 33A-33G. We transferred the case to this court on our own motion.

We summarize the defendant's statement of facts, which the Commonwealth also adopts, based largely on the testimony of the victim, the defendant's sixteen year old stepdaughter. According to her testimony, she came home from school at 11:30 A.M. on November 24, 1976. The defendant, a truck driver who worked nights, was home alone. He asked, "How about a quickie?" Then he undressed and had intercourse with her. According to her testimony, she had had intercourse with the defendant on a number or prior occasions, but had never participated willingly or consented. The defendant and his fourteen-year old son testified that the defendant was asleep at the critical time.

The defendant argues, first, that he was convicted on duplicitous indictments, and that the lesser charge under § 16 should be dismissed. Second, he argues that the § 53 charge should be dismissed because the statute is unconstitutionally vague and overbroad. In the view we take of § 53, that charge must be dismissed, and we are not required to pass on the question whether the indictments were duplicitous, or what the consequence would be if they were. Cf. *Commonwealth* v. *Grasso*, 375 Mass. 138, 140 (1978); *Kuklis* v. *Commonwealth*, 361 Mass. 302, 309 (1972).

We consider the constitutionality of the "lewd, wanton and lascivious persons" provision of § 53[1] for the first

---

[1] As amended by St. 1973, c. 1073, § 20, G. L. c. 272, § 53, reads: "Common night walkers, both male and female, common railers and

time. But in recent years we have several times considered claims of vagueness in other provisions of the same section. *Commonwealth* v. *King,* 374 Mass. 5, 11-14 (1977) ("prostitutes" and "common night walkers"). *Commonwealth* v. *Orlando,* 371 Mass. 732, 733-736 (1977) ("disturbers of the peace"). *Commonwealth* v. *Richards,* 369 Mass. 443, 445-446 (1976) ("disorderly persons"). *Commonwealth* v. *A Juvenile,* 368 Mass. 580, 584-587 (1975) ("idle and disorderly persons"). *Commonwealth* v. *Brasher,* 359 Mass. 550, 553-556 (1971) ("stubborn children"). *Commonwealth* v. *Jarrett,* 359 Mass. 491, 493-497 (1971) ("disturbers of the peace"). *Joyner* v. *Commonwealth,* 358 Mass. 60, 61 (1970) ("stubborn children"). *Thomes* v. *Commonwealth,* 355 Mass. 203, 204-207 (1969) ("common night walkers"). *Alegata* v. *Commonwealth,* 353 Mass. 287, 302-304 (1967) ("idle and disorderly persons").

We reviewed the history of the section, dating from the early Seventeenth Century, in the *Alegata* case. It was revised by St. 1943, c. 377. "Common drunkards" were eliminated by St. 1956, c. 715, § 21; "prostitutes" were added by St. 1959, c. 304, § 1; and St. 1973, c. 1073, § 20, struck out "stubborn children" and "runaways." In the *Brasher* case we noted that § 53 does not purport to create or define new crimes; "rather it prescribes the penalties for persons committing acts theretofore long recognized by our law as amounting to criminal offences." 359 Mass. at 554. In each of the cases cited we drew on the historic meaning, and applied the principle that "if a statute can be made constitutionally definite by a reasonable construction, the court is under a duty to give it that con-

---

brawlers, persons who with offensive and disorderly act or language accost or annoy persons of the opposite sex, *lewd, wanton and lascivious persons in speech or behavior,* idle and disorderly persons, prostitutes, disturbers of the peace, keepers of noisy and disorderly houses and persons guilty of indecent exposure may be punished by imprisonment in a jail or house of correction for not more than six months, or by a fine of not more than two hundred dollars, or by both such fine and imprisonment" (emphasis supplied).

struction." *Thomes* v. *Commonwealth*, 355 Mass. 203, 207 (1969).

The provision as to "lewd, wanton and lascivious persons" has been in the statute since Rev. Sts. c. 143, § 5 (1836), and similar language can be found in earlier statutes. E.g., Province Laws 1699-1700, c. 8, § 2 ("wanton and lascivious persons, either in speech or behaviour"). See *Commonwealth* v. *Diamond*, 248 Mass. 511, 514-515 (1924) ("lewd, idle and disorderly persons"). Before the explicit reference to "prostitutes" was added in 1959, prostitution was punished under that provision. *Id.* at 517. In *Commonwealth* v. *King*, 374 Mass. 5, 17 (1977), the question was left open whether the provision would cover customers of prostitutes. See *Commonwealth* v. *O'Brien*, 179 Mass. 533 (1901). The statutory form of complaint or indictment adds little; it merely states the charge in the language of § 53. G. L. c. 277, § 79, Lewdness. See *Commonwealth* v. *Parker*, 4 Allen 313, 314 (1862). Recently the Appeals Court said that the provision describes "a type of person who commonly engages in or is willing to engage in sexual conduct which is repugnant to prevailing moral standards." *Commonwealth* v. *A Juvenile (No. 2)*, 6 Mass. App. Ct. 194, 197 (1978). That court also said that proof of the commercial nature of the sexual transaction "is wholly unnecessary to the proof of the offense of being a lewd, wanton and lascivious person." *Id.* at 196. See *Commonwealth* v. *Marshall*, 338 Mass. 460, 461 (1959).

The "lewd, wanton and lascivious persons" provision has long been associated in the same section with the provisions which precede it and with the provision as to "idle and disorderly persons." The provisions for "disturbers of the peace, keepers of noisy and disorderly houses and persons guilty of indecent exposure" were added in 1943, and the provision for prostitutes in 1959. See *Commonwealth* v. *Jarrett*, 359 Mass. 491, 493-494 (1971). Our decisions have sometimes blurred the distinctions between the various categories, and "idle and disor-

derly" has sometimes been equated with "lewd, wanton and lascivious." See, e.g., *Commonwealth* v. *Diamond*, 248 Mass. 511, 517 (1924). Our modern decisions have in effect disregarded the word "idle." *Alegata* v. *Commonwealth*, 353 Mass. 287, 302 (1967). We have held the "disorderly persons" provision unconstitutionally overbroad "so far as it relates to speech and expressive conduct," but have upheld it as applied to defined conduct, excluding activities which involve lawful exercise of a First Amendment right. *Commonwealth* v. *A Juvenile*, 368 Mass. 580, 592, 597 (1975). We have construed references to categories of persons as prescribing penalties for defined conduct rather than for persons of a defined status. *Commonwealth* v. *King*, 374 Mass. 5, 15 n.9 (1977). These limitations are equally applicable to the "lewd, wanton and lascivious persons" provision.

In *Commonwealth* v. *King*, *supra* at 14, we noted that a conviction for prostitution "conceivably could rely on conduct performed in private." There may be a similar problem with respect to indecent exposure. See *Commonwealth* v. *Broadland*, 315 Mass. 20, 21-22 (1943) (common law crime). But with respect to a "disorderly person" charge, we have insisted on a purpose to cause "public" inconvenience, annoyance or alarm, or on reckless creation of a risk thereof, and have defined "public" to mean "affecting or likely to affect persons in a place to which the public or a substantial group has access." *Commonwealth* v. *A Juvenile*, 368 Mass. 580, 585-586 (1975). Were we now to apply the statute to private conduct between two people in the home in which they both lived, there is a serious question whether the statute, so construed, could be applied to conduct that took place before the point was decided. *Balthazar* v. *Superior Court*, 573 F.2d 698, 702 (1st Cir. 1978). We therefore construe the "lewd, wanton and lascivious persons" provision as limited to "public" conduct in the same sense as the "disorderly persons" provision. Cf. Model Penal Code § 251.1 (Proposed Official Draft, 1962) ("Open Lewdness") and Com-

ment, *id.* (Tent. Draft No. 13, 1961) (prohibition of conduct "in public").

So limited, the "lewd, wanton and lascivious persons" provision may not be unconstitutionally vague or overbroad. The provision cannot apply to speech or expressive conduct or to activities which involve lawful exercise of a First Amendment right. It can apply to sexual conduct, but if sexual acts for hire are not involved there must be conduct that is "public" in the same sense as is required by the "disorderly persons" provision. This limitation excludes the conduct of the defendant in the present case, since that conduct affected only him and his stepdaughter and took place in the home in which they both lived.

We do not in any way intimate that the defendant's conduct was lawful. A charge of incest was the subject of a nolle prosequi because the necessary element of consanguinity was absent. No charge of indecent exposure or of contributing to the delinquency of a child (G. L. c. 119, § 63) was made, and we express no opinion as to such charges. No argument is made that there was any error in the conviction of "open and gross lewdness and lascivious behavior" under G. L. c. 272, § 16, except for the claim that the two indictments were duplicitous. The history of § 16 is quite separate from that of § 53, and our cases gave adequate warning that § 16 could be applied to conduct like that of the defendant. *Commonwealth* v. *Lucas*, 332 Mass. 594, 600 (1955). *Commonwealth* v. *Wardell*, 128 Mass. 52, 53 (1880). Contrast *Commonwealth* v. *Catlin*, 1 Mass. 8, 9-10 (1804) (consensual conduct of adults in private).

The judgment under G. L. c. 272, § 16, is affirmed. The judgment under G. L. c. 272, § 53, is reversed, the verdict is set aside, and the indictment is to be dismissed.

*So ordered.*

KAPLAN, J. (concurring in the result). I agree that whatever the expression "lewd, wanton and lascivious persons in speech or behavior" in G. L. c. 272, § 53, may mean, it refers to something public, and hence does not reach the facts of the present case. But for the rest, I have considerable difficulty trying to describe in positive terms where the prosthetic effort of the court now leaves us as to the content of the quoted expression, and I prefer, therefore, to reserve my opinion on the question of constitutionality.