## COMMONWEALTH vs. WILLIAM B. HARRIS.

On the trial of a complaint for uttering loud exclamations and outcries in a public street in W., and thereby drawing together a number of persons, to the common nuisance of all citizens there inhabiting, being and residing, proof that the defendant had an altercation with a constable, in which he talked in a loud and angry tone, using abusive epithets and profane language, and that a large crowd was attracted, some of whom encouraged the defendant, is no variance; and on such trial the defendant cannot ask a witness whether he saw anything which indicated that the citizens of W. were disturbed or annoyed by what the defendant was doing.

COMPLAINT charging the defendant with being a disturber and breaker of the peace, and alleging that he did, on October 12, 1867, in Main Street in Woburn, " utter loud exclamations and outcries, and did then and there and thereby draw together a number of persons, to the great damage and common nuisance of all the citizens of the Commonwealth there inhabiting, being and residing."

At the trial in the superior court, before *Reed*, J., there was evidence tending to show that the defendant got into an altercation with a constable on Main Street, and talked in a loud and angry tone to the constable, so loudly as to be heard at a distance of fifty or more rods, applying to the constable abusive epithets, and using profane language ; that, attracted by this talk of the defendant, a crowd of from one hundred to two hundred and fifty persons collected on the sidewalk and in the street adjoining, remaining about half an hour ; and that persons in the crowd uttered cries of encouragement to the defendant.

Upon the closing of the case for the Commonwealth, the defendant asked the judge to rule that there was a variance between the evidence and the allegations in the complaint, but the judge declined so to rule.

The defendant asked one of his witnesses, " Did you see anything which indicated that the citizens of Woburn were disturbed or annoyed by what Mr. Harris was doing ? " The question was objected to, and was not allowed to be put.

The defendant was found guilty, and alleged exceptions

*C. H. Hudson*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

CHAPMAN, C. J. It was held in *Commonwealth* v. *Smith*, 6 Cush. 80, that it is necessary, in an indictment for a public nuisance by uttering loud cries and exclamations in a public street, to allege that it was to the great damage and common nuisance of all the citizens of the Commonwealth there inhabiting, being and residing. A similar allegation is found in the forms of indictments for causing noisome smells or letting off fireworks in a public street, or for keeping a gaming house or a disorderly house, and for other nuisances of a similar character. In England, such an allegation has been made unnecessary by St. 14 & 15 Vict. *c.* 100, § 25. But the proof need not be as extensive as the allegation. Proof of an indecent exposure of the person in a public omnibus is sufficient to sustain an indictment, though the number of persons who see it is very small. *Regina* v. *Holmes*, Dearsly, 207. The act must be of such a nature as tends to annoy good citizens, and does in fact annoy such of them as are present and not favoring it. But it may happen that there are persons present who give encouragement and countenance to the illegal act. In a disorderly house or a gambling house, such persons are always present. Yet that fact is no defence. The evidence offered on that point was not material, and was properly rejected.

Nor is there any material variance between the proof and the allegations. The allegation that the defendant uttered loud exclamations and outcries is sustained by such evidence as is stated in the bill of exceptions. *Exceptions overruled.*