## COMMONWEALTH *vs.* PETER OAKS.

Outcries uttered in a public street, although they disturb but a single person, if they are accompanied by the other circumstances necessary to constitute the offence, are an indictable nuisance.

COMPLAINT to a trial justice alleging that the defendant on June 10, 1873, at Brookfield, "was a disturber and breaker of the peace, and then and there contriving and intending to disturb the peace of said Commonwealth, did, in and near to one of the public streets of said town, utter loud exclamations and outcries, and did then and thereby draw together a number of persons, to the great disturbance, damage and common nuisance of all the citizens of said Commonwealth, then and there inhabiting, being and residing." The defendant was found guilty and appealed to the Superior Court.

At the trial in the Superior Court before *Bacon*, J., there was evidence of loud, profane and obscene outcries in one of the public highways, at about eleven o'clock at night; that the defend

ant with others was found by an officer in the highway, in the vicinity from which the outcries came, and that one or two persons were awakened from their sleep by the outcries.

The defendant contended that there was no evidence of a disturbance of the public peace, and requested the court to instruct the jury that to support the charge there must be proof that the outcries disturbed more than one person.

The court declined so to instruct the jury, but did instruct them, among other things to which no exception was taken, that " if the outcries disturbed one person, and were made by the defendant or by others incited thereto by the defendant, upon or near a public street, and disturbed only one person, it was sufficient to constitute the crime, if the outcries were found by the jury to be a disturbance of that person."

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*W. A. Williams*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

COLT, J.  The whole of the instructions given to the jury are not reported.  We are to presume that a correct definition of the offence charged was given.  An indictment for a public nuisance by uttering loud cries and exclamations in a public street must allege that it was to the great damage and common nuisance of all the citizens of the Commonwealth there being.  This is the technical description, but the proof need not be as broad as the allegation.  It is sufficient if the acts proved are of such a nature as tend to annoy all good citizens, and do in fact annoy any one present and not favoring them.  The instructions asked could not have been properly given ; and the instruction given, accompanied as it must have been with a correct definition of the offence, could not have misled the jury.  *Commonwealth* v. *Smith,* 6 Cush. 80.  *Commonwealth* v. *Harris*, 101 Mass. 29.

*Exceptions overruled.*