COMMONWEALTH *vs.* THOMAS F. SWEENEY.

Bristol. Oct. 25. — Nov. 23, 1881. MORTON & ALLEN, JJ., absent.

An indictment alleging that the defendant collected together certain filth and allowed it to remain near the dwelling-houses of divers persons then inhabiting said houses, and near a certain public road and highway, " to the great damage and common nuisance of the inhabitants of the said houses and of all persons then and there passing upon and along the said public road and highway," sufficiently avers the nuisance to be public in its character.

INDICTMENT, at common law, for collecting together, at a time and place mentioned, large quantities of manure, dead horses and filth " near to the dwelling-houses of divers persons then and there inhabiting the same houses, and also near to a certain public road and highway there," and for suffering them " to lie and remain near to the said dwelling-houses and near to the said public road and highway for a long space of time," whereby noisome and unwholesome smells arose, " so that the air was then and there greatly corrupted and infected thereby, to the great damage and common nuisance of the inhabitants of the

said houses and of all other persons then and there passing upon and along the said public road and highway, against the peace of the Commonwealth."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment because it did not allege the offence to be " to the great damage and common nuisance of all the citizens of this Commonwealth."

*Knowlton*, J. overruled this motion; and, after a verdict of guilty, the defendant moved in arrest of judgment for the same reason assigned in the motion to quash. This motion was also overruled; and the defendant alleged exceptions.

*J. H. Galligan*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

DEVENS, J. The defendant moved to quash and afterwards in arrest of judgment because the indictment did not allege the nuisance to be " to the great damage and common nuisance of all the citizens of the Commonwealth." It is often said that, in cases of nuisances at common law, the indictment should conclude with the allegation that the offence was committed to the common nuisance of the people of the Commonwealth. *Commonwealth* v. *Boon*, 2 Gray, 74. *Commonwealth* v. *Parker*, 4 Allen, 313. By this nothing more is meant than that it should be alleged to be to the damage and common nuisance of those people of the Commonwealth so situated as to be liable to be affected by it. It would not be easy to imagine a nuisance which would directly affect all the people of the Commonwealth. But a nuisance is properly a subject of public prosecution if it affect the public generally in the place where it may be created or where its influence may be felt, and the office of the allegation *ad commune nocumentum* is performed if it avers the nuisance complained of to be to the injury of that portion of the public. It is thus sufficiently averred to be something more than injurious to particular persons, whose only redress would be by private actions. In *Commonwealth* v. *Smith*, 6 Cush. 80, the indictment, which was for a nuisance caused by uttering tumultuous outcries, was held bad, it being only alleged to have been to the disturbance of divers citizens, that is, to the disturbance merely of a portion of the public in its vicinity; and it is said by Mr. Justice Dewey that the cries should have been alleged to the great damage and

common nuisance of all citizens of the Commonwealth there inhabiting, being and residing, &c. In *Commonwealth* v. *Harris*, 101 Mass. 29, and *Commonwealth* v. *Oaks*, 113 Mass. 8, which were indictments of a similar character, and which concluded, " to the great damage and common nuisance of all the citizens of the Commonwealth there inhabiting, being and residing," no question of their sufficiency was made.

In the present case, while it is alleged that the offensive collection of filth is situate near the dwelling-houses of divers persons, it is alleged to be to the common nuisance of the inhabitants of said houses, and also to that " of all other persons then and there passing upon and along the said public road and highway." In the opinion of a majority of the court, this sufficiently avers the nuisance to be public in its character, and properly to be remedied by a public prosecution. *Exceptions overruled.*