### JAMES E. O'NEIL *vs.* COMMONWEALTH.

Essex.    January 27, 1896. — March 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Writ of Error — Validity of Sentence — Statute — Constitutional Law.*

A person who, having been indicted for an assault with intent to kill, is found guilty of an assault only, may, under Pub. Sts. c. 215, § 1, be sentenced to confinement in the house of correction at hard labor for the term of three years.

WRIT OF ERROR, to reverse a judgment rendered for the Commonwealth, at the January sitting, 1894, of the Superior Court for the County of Essex, upon an indictment charging James E. O'Neil with an assault with intent to kill on one Mary J. O'Neil. Plea, *in nullo est erratum.* The facts appear in the opinion.

*W. S. Peters & H. J. Cole,* for the plaintiff in error.

*H. M. Knowlton,* Attorney General, *& G. C. Travis,* First Assistant Attorney General, for the Commonwealth.

LATHROP, J.  It appears from the record, that in January, 1894, an indictment was found in the Superior Court against the plaintiff, charging him with an assault with intent to kill on one Mary J. O'Neil, on which indictment he was found guilty of an assault only, and was sentenced to confinement in the house of correction at hard labor for the term of three years. His contention is that the Superior Court had no power to sentence him to the house of correction for more than one year. But there is no ground for this contention.

From an early time the Legislature has defined the jurisdiction of inferior magistrates and courts in regard to assaults, and has affixed the penalties therefor.  Sts. 1783, c. 51, § 1; 1794, c. 26, § 2.  Rev. Sts. c. 85, §§ 24, 25.  St. 1853, c. 196, § 1.  Gen. Sts. c. 116, § 13.  St. 1881, c. 189.  Pub. Sts. c. 154, § 18.  And now, by the St. of 1893, c. 396, § 36, the offence of an assault and battery tried in a police or district court is punishable by imprisonment in the jail or house of correction, for a term not exceeding one year, or by fine not exceeding one hundred dollars.

But these statutes do not apply to the Superior Court, and there is no statute which in terms defines what the punishment for an assault shall be, where the case is begun in that court. The only provision relating to it is in the Pub. Sts. c. 215, § 1, which is as follows : " In cases of legal conviction, where no punishment is provided by statute, the court shall award such sentence as is conformable to the common usage and practice in this State, according to the nature of the offence, and not repugnant to the Constitution."  This statute was early enacted, and has been in force ever since.  St. 1782, c. 9, § 1.  Rev. Sts. c. 139, § 1.  Gen. Sts. c. 174, § 1.

There is nothing in the sentence which was imposed in this case which we can say is repugnant to the Constitution.  It has not been contended that it was a " cruel or unusual punishment," within Article XXVI. of the Declaration of Rights. And the plaintiff has produced nothing to show that the sentence was not " conformable to the common usage and practice in this State."  On the other hand, it is known that the uniform practice of the Superior Court has been for many years, under this statute, to punish by a fine, or by imprisonment, or by both fine

and imprisonment, the fine not to exceed one thousand dollars, and the imprisonment not to exceed three years. This construction of the statute has been in existence for so long a time that it may fairly be said to have been acquiesced in by the Legislature, as no statute to the contrary has been passed.

*Judgment for the Commonwealth.*