COMMONWEALTH vs. SANDRA JARRETT.
(and ten companion cases[1]).

Middlesex. November 2, 1970. — May 12, 1971.

Present: TAURO, C.J., SPALDING, REARDON, & QUIRICO, JJ.

*Disturbing the Peace. Common Law Crime. Pleading, Criminal,* Indictment
or complaint. *Constitutional Law,* Due process of law. *Words,* "Dis-
turbers of the peace."

St. 1943, c. 377, adding "disturbers of the peace" to persons subject to
the punishment specified in G. L. (Ter. Ed.) c. 272, § 53, did not create
a new statutory crime, but merely provided an express statutory
penalty for a crime which then existed under the common law. [494]
A complaint, with a caption in the form authorized by G. L. c. 277, § 79,
charging that the defendant on a certain date at a named city "did
disturb the peace of . . . [the] Commonwealth" by specified acts con-
stituting the common law crime of disturbing the peace was valid,
notwithstanding the conclusion therein that such acts were against
"the form of the statute in such case made and provided." [495–496]
The common law crime of disturbing the peace does not violate the due
process clause of the Fourteenth Amendment to the Federal Consti-
tution by reason of vagueness. [497]

COMPLAINTS received and sworn to in the Third District
Court of Eastern Middlesex on August 20, 1969.

Upon appeal to the Superior Court, the cases were reported
by *Hale, J.*

*Terence M. Troyer,* Assistant District Attorney, for the
Commonwealth.

*William P. Homans, Jr. (Thomas G. Shapiro* with him) for
Henry C. Levy & others.

*Edward J. Barshak* for Sandra Jarrett & another.

QUIRICO, J. A separate complaint against each of the
eleven defendants charges that on August 19, 1969, at
Cambridge, the particular defendant "did disturb the peace
of said Commonwealth, by making loud noises and outcries
and by uttering in a loud tone, threatening, abusive, pro-

fane, indecent and violent language, and by striking divers grievous blows at divers persons, and by behaving in a violent and disorderly manner; to the great damage and common nuisance of the citizens of said Commonwealth, then and there inhabiting, being and residing, against the peace of the said Commonwealth and the form of the statute in such case made and provided."

All the defendants were tried in the Third District Court of Eastern Middlesex, were there found guilty and fined $200 each, and they appealed therefrom to the Superior Court. Each defendant filed a motion in the Superior Court to dismiss the complaint against him or her on the grounds: (1) that the statute under which it purports to lie, G. L. c. 272, § 53, in its applicable portion, is unconstitutionally vague and overbroad, in violation of the Constitution of the United States and of the Commonwealth; and (2) the complaint fails to state any crime under the laws of the Commonwealth.

Prior to trial in the Superior Court a judge of that court, acting under G. L. c. 278, § 30A, inserted by St. 1954, c. 528,[2] and without acting on the defendants' motions to dismiss the complaints, reported the following questions to this court for decision.

"1. Whether the phrase 'disturbers of the peace', as used in G. L. c. 272, § 53, to describe a class of persons punishable under said statute sets forth an offense with sufficient definiteness to withstand a challenge of constitutional infirmity on the ground of vagueness.

"2. Whether the phrase 'disturbers of the peace', as used in G. L. c. 272, § 53, to describe a class of persons punish-

---

[1] The defendants in the companion cases are: William S. Jarrett, Henry C. Levy, Russell T. Newfeld, David E. Noll, Henry R. Norr, Richard E. Thorson, Charles W. Winant, Jr., Herbert W. Shaw, Jr., Marshall L. Yates, and Daniel Simon.

[2] Section 30A reads: "If, prior to the trial of a person in a criminal case in the superior court, a question of law arises which, in the opinion of the presiding justice, is so important or doubtful as to require the decision of the supreme judicial court thereon before trial, in the interest of justice, he may report the case so far as necessary to present the question of law arising therein; and thereupon the case shall be continued for trial to await the decision of the supreme judicial court."

able under said statute, sets forth with sufficient delimitation, a class of persons whose conduct may constitutionally be proscribed as criminal."

General Laws c. 272, § 53,[3] provides that certain classes of persons described therein, including "disturbers of the peace," may be punished by imprisonment or a fine, or both. The words "disturbers of the peace" were first added to that section when it was rewritten by St. 1943, c. 377. The major emphasis of the arguments from counsel for the Commonwealth and for the defendants seems to be based on the assumption that § 53, as appearing in St. 1943, c. 377, created a new statutory crime of being a disturber of the peace, and that the complaints in these cases charge the defendants with that statutory crime. We disagree with that assumption.

It was a crime under the common law to disturb the peace of the public, or some segment of the public, by actions, conduct or utterances, the combination of which constituted a common nuisance. *Commonwealth* v. *Smith,* 6 Cush. 80. *Commonwealth* v. *Harris,* 101 Mass. 29. *Commonwealth* v. *Oaks,* 113 Mass. 8. Most of such prosecutions involved allegations of disturbing noises in public places, and the noises were often alleged to consist of loud utterances, exclamations or outcries, and sometimes to include profanity.

The 1943 addition of the words "disturbers of the peace" to G. L. (Ter. Ed.) c. 272, § 53, was the result of a recommendation made by a special commission established under c. 48 of the Resolves of 1941 "for the purpose of making an investigation and study of the criminal laws of the commonwealth and of drafting a penal code more in harmony with modern conceptions of crime, punishment and correction." The report of the commission (1943 House Doc. No. 1462,

---

[3] Section 53, as appearing in St. 1959, c. 304, § 1, reads: "Stubborn children, runaways, common night walkers, both male and female, common railers and brawlers, persons who with offensive and disorderly act or language accost or annoy persons of the opposite sex, lewd, wanton and lascivious persons in speech or behavior, idle and disorderly persons, prostitutes, disturbers of the peace, keepers of noisy and disorderly houses and persons guilty of indecent exposure may be punished by imprisonment in a jail or house of correction for not more than six months, or by a fine of not more than two hundred dollars, or by both such fine and imprisonment."

p. 9) stated in part: "we recommend the amendment of section 53 of chapter 272 of the General Laws in the following respects: . . . (2) By adding 'disturbing the peace, keeping a noisy and disorderly house and indecent exposure.' *These offences are added to this statute because there is now no penalty for them.*[4] In the Public Statutes, punishment as herein recommended was provided, but this punishment was omitted on codification. Our suggestion corrects this omission" (emphasis supplied). It is clear that the commission was not recommending the creation of a new statutory crime of disturbing the peace, but only recommending the provision of an express statutory penalty for a long recognized common law crime. We hold that when the Legislature adopted the commission's recommendation by enacting St. 1943, c. 377, which added the words "disturbers of the peace" to G. L. c. 272, § 53, it did not create a new statutory crime. It did not attempt to define any new crime or prescribe what acts would constitute a crime. It merely provided an express statutory penalty for a crime which then existed under the common law.

There have been numerous instances of a similar statutory treatment of common law crimes. It will suffice to point out a few of them. General Laws c. 265, § 2, provides penalties for the crime of murder. In referring to the predecessor of that statute in *Commonwealth* v. *Webster*, 5 Cush. 295, 303, the court said: "In seeking for the sources of our law upon this subject, it is proper to say, that whilst the statute law of the commonwealth . . . [prescribes the penalties for criminal homicides], yet it nowhere defines the crimes of murder or manslaughter, with all their minute and carefully-considered distinctions and qualifications. For these, we resort to that great repository of rules, principles, and forms, the common law." In *Commonwealth* v. *Slaney*,

---

[4] The commission's statement must be taken to refer to the absence of a specific statutory penalty for disturbing the peace. General Laws (Ter. Ed.) c. 279, § 5, provides that "If no punishment for a crime is provided by statute, the court shall impose such sentence, according to the nature of the crime, as conforms to the common usage and practice in the commonwealth." Similar statutory provisions have existed since 1782. See *O'Neil* v. *Commonwealth*, 165 Mass. 446, 447.

345 Mass. 135, 138, the court said: "With respect to the crime of assault, as is frequently the case in our statutes relating to common law crimes, the Legislature has prescribed the penalty for the crime but has not defined the crime itself. G. L. c. 265, § 13A. For the definition of the crime of assault, resort must be had to the common law." Further examples may be found in G. L. c. 265, §§ 13, 17 and 22, prescribing punishment for the common law crimes of manslaughter, robbery and rape, respectively.[5]

Although G. L. c. 277, § 79, includes statutory forms of complaints or indictments for some of the offences listed in G. L. c. 272, § 53, it includes none for the crime of disturbing the peace. Section 79 states that as to crimes for which no form is provided therein, "forms as nearly like the forms hereto annexed as the nature of the cases and the provisions of law will allow may be used; but any other form of indictment or complaint authorized by law may be used." The complaints against the defendants in these cases have captions in the form authorized by § 79. Each complaint then contains language, commonly referred to as the charge or body thereof, alleging facts constituting the common law crime of disturbing the peace. The allegations are substantially similar to those contained in the complaints in *Commonwealth* v. *Harris*, 101 Mass. 29, and *Commonwealth* v. *Oaks*, 113 Mass. 8,[6] but in greater detail.

The fact that each complaint concludes with the state-

---

[5] Our conclusion that when the Legislature added the words "disturbers of the peace," to § 53 in 1943, it intended only to prescribe a penalty for a common law crime and not to create a new statutory crime is also supported by later action by the Legislautre when it added the word "prostitutes" to the same section. It did so by St. 1959, c. 304, entitled "An Act imposing a penalty for prostitution." The title of an act is in a legal sense a part of it, and under some circumstances resort may be had to the title as an aid in determining the legislative intent although it cannot control the plain provisions of the act. *Wheelwright* v. *Tax Commr.* 235 Mass. 584, 586. *Brown* v. *Robinson*, 275 Mass. 55, 57. *Commissioner of Corps. & Taxn.* v. *Chilton Club*, 318 Mass. 285, 292. *Rockland-Atlas Natl. Bank* v. *Massachusetts Bonding & Ins. Co.* 338 Mass. 730, 735. *Cumberland Farms, Inc.* v. *Milk Control Commn.* 340 Mass. 672, 678.

[6] Each of the complaints conforms to the common law rules of criminal pleading by alleging that the defendant's acts were "to the great damage and common nuisance of the citizens of said Commonwealth, then and there inhabiting, being and residing." The absence of such words was held fatal to the complaint in *Commonwealth* v. *Smith*, 6 Cush. 80, but this requirement has since been eliminated by statute. G. L. c. 277, § 33.

ment that the acts of the defendant were against "the form
of the statute in such case made and provided" does not
alter or detract from the language in the body of the com-
plaint alleging a common law crime.  Neither does it affect
the validity of the complaint either under common law
pleading or under our statutes.  In *Commonwealth* v. *King*,
13 Met. 115, 119, the court said that "when an offence,
punishable at common law only, is alleged to be contrary
to a statute, this allegation may be rejected as surplusage."
*Commonwealth* v. *Shattuck*, 4 Cush. 141, 146.  *John Bath &
Co. Inc.* v. *Commonwealth*, 348 Mass. 78, 82–83, cert. den.
sub nom. *Bath* v. *Massachusetts*, 380 U. S. 977.  G. L.
(Ter. Ed.) c. 277, §§ 17, 33 and 34.

The defendants argue that if they are being charged with
the common law crime of disturbing the peace, then that
part of our common law which is stated in the *Harris* and
*Oaks* decisions, *supra*, with reference to this crime is un-
constitutional because it is so vague and overbroad that it
deprives them of their rights under the Due Process Clause
of the Fourteenth Amendment to the Constitution of the
United States.  They ask that we apply to this law the same
test of vagueness which was applied in *Connally* v. *General
Constr. Co.* 269 U. S. 385, 391, and *Lanzetta* v. *New Jersey*,
306 U. S. 451, 453.  The basic rule stated in those cases
was that "a statute which either forbids or requires the
doing of an act in terms so vague that men of common in-
telligence must necessarily guess at its meaning and differ as
to its application, violates the first essential of due process
of law."  *Commonwealth* v. *Carpenter*, 325 Mass. 519, 521.
By thus limiting their citations and quotations, the de-
fendants have overlooked or ignored other decisions stating
concomitant parts of the same rule to the effect that the
Constitution does not require impossible standards, that
mere difficulty in determining whether certain marginal
offences are within the meaning of the language under attack
as vague does not automatically render it unconstitutional
for indefiniteness, and that if the language which is chal-
lenged conveys sufficiently definite warning as to the pro-

scribed conduct when measured by common understanding and practices, it is constitutionally adequate. *United States* v. *Wurzbach,* 280 U. S. 396, 399. *United States* v. *Petrillo,* 332 U. S. 1, 7–8. *Jordan* v. *De George,* 341 U. S. 223, 231–232. *Commonwealth* v. *Pentz,* 247 Mass. 500, 507–509. *Commonwealth* v. *Slome,* 321 Mass. 713, 715–716. *Jaquith* v. *Commonwealth,* 331 Mass. 439, 441–443. *Commonwealth* v. *Douglas,* 354 Mass. 212, 219–220.

The common law of this Commonwealth on the crime of disturbing the peace must be tested on the basis of all the concomitant parts of the rule of constitutional requirements against vagueness. We hold that as thus tested, it does not violate the Due Process Clause of the Fourteenth Amendment. When measured by common understanding and practices, the law as was stated in the *Harris* and *Oaks* cases conveys sufficiently definite warnings as to what is proscribed. The acts alleged in the complaints against the present defendants are substantially the same as those which were alleged in the *Harris* and *Oaks* cases and which were there held to constitute a crime. No greater specificity is required in the law or in the allegations.

The defendants argue further that the law of this Commonwealth on disturbing the peace is unconstitutionally overbroad because of the possibility that it may permit, or may be used for, the prosecution of a person for doing or saying something which is protected by the First Amendment to the Constitution of the United States. They argue that there is nothing in the present law of this Commonwealth which expressly holds that a person may not be prosecuted for, or convicted of, disturbing the peace if that person is merely exercising his rights of freedom of religion, of speech, or of peaceable assembly with other persons, or to petition the government for a redress of grievances. Indeed there is not. Neither is there anything in the law of this Commonwealth to the effect that a person may be prosecuted for, or convicted of, disturbing the peace if his conduct is limited to the exercise of a right or rights protected by the First Amendment.

There are two obvious reasons why the *Harris* and *Oaks* decisions contain no language to negate the possibility of the use of prosecutions for disturbing the peace to impair First Amendment rights. The first reason is that the decisions came down in 1869 and 1873, respectively, long before the First Amendment was held applicable to States. The second is that the defendants raised no such defence under the comparable arts. 2, 16 and 19 of our Declaration of Rights and therefore there was no necessity or occasion to deal with the subject.

The defendants attempt to support their argument on this point by calling attention to the fact that the decisions in both the *Harris* and the *Oaks* cases say substantially that it is sufficient if the acts proved are of such a nature as tend to annoy all good citizens, and do in fact annoy any one present and not favoring them. They contend that this permits the conviction of a defendant for merely saying something in the presence of another who disagrees with, or who disapproves of, what has been said. That is not the fair or correct import of the *Harris* and *Oaks* decisions. The defendants in those cases were not convicted because of any particular views which they expressed. The record shows much more than the mere making of statements by the defendants. The statements included abusive epithets and profanity; they were made in or near a public way and were unreasonably loud; they caused a crowd to gather; and in one case they were in connection with an altercation with a constable. The mere making of statements, or expressing of views or opinions, no matter how unpopular, or views with which persons present do not agree, has never been and is not now punishable as a disturbance of the peace under the law of this Commonwealth. This statement is not intended to be what the defendants in their brief call a "post hoc" holding or limitation on the prior law of the Commonwealth. It is a statement of what we understand the law to have been at the time of the *Harris* and *Oaks* decisions and at all times since.

The Commonwealth contends that because the defendants

have made no claim that the conduct for which they were arrested was the lawful and proper exercise of a right protected by the First Amendment, they have no standing to raise the issues of alleged vagueness and overbreadth of our law on disturbing the peace. That contention is supported by the decision of a panel of Federal Court judges denying relief to persons similarly charged with disturbing the peace and who sought to enjoin the police from prosecuting them. *LeClair* v. *O'Neil*, 307 F. Supp. 621 (D. Mass.), affd. 401 U. S. 984.[7] See *Hurley* v. *Hinckley*, 304 F. Supp. 704 (D. Mass.). In view of what we have said above, it is unnecessary for us to decide this issue in these cases.

Because we hold that the crime of disturbing the peace is a common law crime and was not made a crime by G. L. c. 272, § 53, we are unable to give categorical affirmative or negative answers to the two questions reported for our decision. The cases are remanded to the Superior Court for trial or other proceedings on the complaints in a manner consistent with this opinion. Nothing in this opinion shall operate as a decision whether the defendants' conduct was or was not lawful under the First Amendment to the Constitution of the United States, that issue not being involved in the questions reported.

*So ordered.*

---

[7] Judgment was affirmed on March 29, 1971, without opinion, and with citations of *Younger* v. *Harris*, 401 U. S. 37, decided February 23, 1971; and *Samuels* v. *Mackell* and *Fernandez* v. *Mackell*, 401 U. S. 66, decided February 23, 1971.