COMMONWEALTH *vs.* DAVID ORLANDO.

Norfolk.    October 5, 1976. — January 24, 1977.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, & WILKINS, JJ.

*Disturbing the Peace.    Due Process of Law,* Vagueness of statute, Over-
breadth of statute.

As limited by decisions of this court, the crime of disturbing the peace
in violation of G. L. c. 272, § 53, is not unconstitutionally vague or
overbroad. [733-736]

COMPLAINT received and sworn to in the District Court
of Western Norfolk on August 30, 1974.

Upon appeal to the Superior Court questions of law
were reported by *Steele,* J., a District Court judge sitting
under statutory authority.

*Martin R. Rosenthal* for the defendant.

*Charles J. Hely,* Assistant District Attorney, for the
Commonwealth.

HENNESSEY, C.J.    The defendant appealed to the Su-
perior Court from a finding of the District Court of
Western Norfolk that he was guilty of disturbing the peace
under G. L. c. 272, § 53.[1] Prior to trial in the Superior
Court, he filed a motion to dismiss alleging that the dis-
turbing the peace statute is unconstitutionally vague and
overbroad. The judge in the Superior Court reported to
this court the question whether he should grant the de-
fendant's motion to dismiss. The parties agree that evi-
dence shows that the defendant hurled objects and ver-

---

[1] The statute, which describes a number of separate crimes, and
which has been construed many times by this court, provides punish-
ment for "disturbers of the peace." G. L. c. 272, § 53, as amended
through St. 1973, c. 1073, § 20.

bally insulted individuals at approximately 11:45 P.M., near "The Pub" in Walpole.

This court has held, in *Commonwealth* v. *Jarrett*, 359 Mass. 491, 497-498 (1971), that the law of disturbing the peace as defined in that case is neither vague nor overbroad, and consequently does not violate the due process clause of the Fourteenth Amendment to the United States Constitution. However, the defendant claims that a recent decision of this court with regard to the definition of a disorderly person, *Commonwealth* v. *A Juvenile*, 368 Mass. 580 (1975), and recent decisions of the United States Supreme Court have undermined the basis of the *Jarrett* decision, *supra*. We disagree and adhere to our views expressed in *Jarrett* that the charged crime of disturbing the peace on its face is neither overbroad nor vague. We therefore conclude that the defendant's motion to dismiss should be denied.

1. A criminal law is overbroad if it punishes activities which are constitutionally protected, *Thornhill* v. *Alabama*, 310 U.S. 88, 97 (1940), and it cannot be enforced against any defendant until or unless a limiting construction or partial invalidation narrows its scope so that it does not threaten protected expression. *Broadrick* v. *Oklahoma*, 413 U.S. 601, 613 (1973). However, a defendant cannot argue successfully that a law is facially overbroad when a limiting construction has been applied to the challenged law. *Ibid.* We have construed the Massachusetts disturbing the peace law so that it excludes protected expression from its scope. *Commonwealth* v. *Jarrett*, 359 Mass. 491 (1971). Consequently, there is no reason to find that it is overbroad on its face or to strike it down. Contrast *Commonwealth* v. *A Juvenile*, 368 Mass. 580 (1975). If the law is susceptible in marginal cases to unconstitutional applications, we will handle such cases when they arise.[2]

2. We turn now to the defendant's contention of unconstitutional vagueness. We rejected this premise in the

---

[2] We cannot decide on the record before us whether the law may be unconstitutionally applied in this case.

*Jarrett* case, *supra.* We reject it now. Cases decided since *Jarrett* cast no doubt on our conclusions in that case. On the contrary, by reason of their informative nature, these more recent cases (cited hereafter in this opinion, and which were decided after *Jarrett* but before the date of the alleged offense in the instant case) serve to strengthen the conclusion that law enforcement officials and the defendant were warned as to the nature of the offense.

The defendant offers the further argument that no clarifying language which we may include in this opinion will serve to assist the Commonwealth's position on the vagueness issue in this case, because this would amount to a retrospective application of this opinion in an unconstitutional manner. Accepting this as valid argument, it is plain that *Jarrett* and subsequent cases constitute sufficient warning, without any necessary assistance from the instant opinion.

A law is unconstitutionally vague if it is not sufficiently explicit to give clear warning as to proscribed activities. *Commonwealth* v. *A Juvenile,* 368 Mass. 580, 586-587 (1975). *Connally* v. *General Constr. Co.,* 269 U.S. 385, 391 (1926). A law is not vague, however, if it requires a person to conform his conduct to an imprecise but comprehensible normative standard so that men of common intelligence will know its meaning. *Broadrick* v. *Oklahoma,* 413 U.S. 601, 608 (1973). *Coates* v. *Cincinnati,* 402 U.S. 611, 614 (1971). Moreover, even when the outer boundaries of a law are imprecise, such imprecision does not permit a facial attack on the entire law by one whose conduct "falls squarely within the 'hard core' of the [law's] proscriptions," *ibid.* particularly if greater specificity in the law is impractical. See *Arnett* v. *Kennedy,* 416 U.S. 134, 161 (1974).

The provision against "disturbers of the peace" proscribes conduct which tends to annoy all good citizens and does in fact annoy anyone present not favoring it. *Commonwealth* v. *Jarrett, supra* at 498. *Commonwealth* v. *Oaks,* 113 Mass. 8, 9 (1873). This definition applies a two-pronged standard to disruptive conduct. It proscribes

activities which, first, most people would find to be unreasonably disruptive, and second, did in fact infringe someone's right to be undisturbed. The first prong is normative and protects potential defendants from prosecutions based on individual sensitivities. The second prong requires that the crime have a victim, and thus subjects potential defendants to criminal prosecution only when their activities have detrimental impact.

A more specific standard is impractical because the conduct proscribed by this law necessarily varies according to its location and timing. For example, hurling objects in an open and deserted field is probably permitted while hurling objects in a populated area may be proscribed. Similarly, abusive language in some circumstances may constitute protected speech when uttered in a public store, *Commonwealth* v. *A Juvenile, supra* at 599, but may be constitutionally proscribed when loudly uttered late at night in a residential neighborhood so that people in the privacy of their homes are unable to avoid the noise. See *Cohen* v. *California,* 403 U.S. 15, 21-22 (1971). A disturbing the peace standard which attempted to define more precisely the levels of noise and types of conduct permitted in various places at varying times would be both under-inclusive and overbroad. The void for vagueness doctrine does not require this result. Rather, for offenses such as this, it permits the use of a normative standard which informs a potential defendant that his common sense in most cases will define proscribed conduct. See *Coates, supra* at 614. Activities which fall near the imprecise outer boundaries of the law can be handled through case by case adjudication. See *Arnett, supra* at 161; *Broadrick, supra* at 618. Consequently, the Massachusetts disturbing the peace law which applies a normative standard and requires individual harm in fact is not unconstitutionally vague. That standard was established by the *Jarrett* case, which was decided several years before the date of the offense alleged in the instant case, and placed the defendant on sufficient notice of the nature of the offense.

Many other decisions of this court gave the defendant

clear warning that hurling objects might be illegal. See, e.g., *Alegata* v. *Commonwealth*, 353 Mass. 287, 304 (1967). He cannot avoid conviction for such conduct merely because his violent acts were accompanied by speech. *Commonwealth* v. *Richards*, 369 Mass. 443, 449-450 (1976). Further, the very decisions the defendant cites in support of his argument that the *Jarrett* holding is no longer conclusive on the issues of vagueness and overbreadth provided him with notice that abusive speech does not constitute protected expression in all cases. *Cohen* v. *California*, 403 U.S. 15, 21 (1971). See *Commonwealth* v. *A Juvenile, supra* at 589-590. In *Cohen*, particularly, the Supreme Court emphasized that speech, which in most cases will be constitutionally protected, can be forbidden if it is likely to provoke a violent reaction by the hearer, *Cohen, supra* at 20, or if it invades a "substantial claim to a recognizable privacy interest," *id.* at 21. The Court offers as an example of such a privacy interest, the interest in "being free from unwanted expression in the confines of one's own home." *Id.* at 22. Certainly loud and abusive speech, whatever the content, at 11:45 P.M. near dwelling places may invade the privacy rights of persons asleep in their homes. In addition, such speech may provoke a violent reaction from listeners rudely awakened. Thus, decisions of this court and the United States Supreme Court gave the defendant notice that the conduct and speech alleged may be prohibited constitutionally.

3. The crime of disturbing the peace as so construed is neither vague nor overbroad. It follows that the reported question is answered in the negative, and the case is remanded for trial.

*So ordered.*