COMMONWEALTH *vs.* MUSA A. ALI.

Worcester.    January 5, 1979. — March 1, 1979.

Present: HALE, C.J., GRANT, & PERRETTA, JJ.

*Attempted Burning of Property. Due Process of Law,* Vagueness of statute, Presumption.

At the trial of an indictment charging an attempt to burn a building under G. L. c. 266, § 5A, evidence that the defendant hired a police undercover agent posing as an arsonist to burn two buildings owned by the defendant, that on the night when one of the buildings was to be burned the agent and the defendant met at the second building, which was to be burned two or three weeks later, that the defendant had brought a sealed can of turpentine, and that when they entered the building he placed the turpentine in a closet was sufficient to permit an inference that the defendant placed the turpentine in the building with the intent that it was to be used in burning that building. [121-123]

A time span of two or three weeks between the placing of a can of turpentine in a building and the scheduled burning of the building was not as matter of law so great as to preclude the defendant's conviction under G. L. c. 266, § 5A, of an attempt to burn the building. [123-124]

The definition of an attempt to burn a building contained in G. L. c. 266, § 5A, is not unconstitutionally vague as applied to a defendant who placed a can of turpentine in a building with the intent that it be used by a hired arsonist in burning the building two or three weeks later. [124-125]

General Laws c. 266, § 5A, did not create any presumption against a defendant charged with an attempt to burn a building. [125]

COMPLAINT received and sworn to in the District Court of Fitchburg on December 9, 1975.

On appeal to the Superior Court, the case was tried before *Smith*, J.

*Willie J. Davis* for the defendant.

*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.

PERRETTA, J. The defendant was tried by a jury and convicted of attempting to burn a building. G. L. c. 266, § 5A. He assigns as error the refusal of the judge to allow his motion for a directed verdict of not guilty. He also asserts that § 5A is unconstitutional.[1] We affirm.

Because the defendant's first claim of error involves the sufficiency of the evidence against him, we summarize it here in the light most favorable to the Commonwealth, along with inferences which could reasonably be drawn. *Commonwealth* v. *Sandler*, 368 Mass. 729, 740 (1975). *Commonwealth* v. *Nichols*, 4 Mass. App. Ct. 606, 612-613 (1976).

Ali told his friend, Saadeh, that he wished to burn two buildings located in Fitchburg, and he asked Saadeh to help him find an arsonist. Shortly thereafter Saadeh introduced Ali to Primeau, an undercover agent posing as a "torch." Ali informed Primeau of his plans to burn these buildings, one on Main Street and the other on Summer Street. That same day Primeau entered into an agreement with Ali whereby Primeau would burn both buildings for a set price, Ali to pay the first instalment that day, which he did, with the remainder due after the burning of the second building. They agreed that the Main Street property would be burned that night and that the Summer Street building would be burned in two to three weeks. The two men met that night as planned, at the Summer Street building, Ali bringing a can of turpentine. They entered, turned on the lights, and Ali

---

[1] The defendant has waived all other assignments of error. Rule 1:13 of the Appeals Court, as amended, 3 Mass. App. Ct. 801 (1975).

placed the sealed can of turpentine in a first floor closet. Police, who had had the building under surveillance, then knocked on the door and when Ali answered, they arrested him.

The complaint, drawn under G. L. c. 266, § 5A,[2] charged that Ali "wilfully and maliciously did attempt to burn a dwelling house ... and in such attempt did place certain quantities of flammable material ..., but was intercepted and prevented in the execution of the said attempted offense."

Ali first argues that the evidence was insufficient to prove that he placed turpentine in the Summer Street property with the intent to use it to burn *that* building, because the Commonwealth showed only that the defendant brought one can of sealed turpentine which was placed in a closet and because it had been agreed between the defendant and Primeau that it was the Main Street property which would be burned that night. The jury could reasonably infer that the turpentine was to be used on the Summer Street building at a later date. The question was one of intent, and "[a] person's intention may be shown from circumstances," and inferences need only be "reasonable and possible" and not unwarranted because too remote from the ordinary course of events. *Common-*

---

[2] General Laws c. 266, § 5A, as in effect prior to St. 1977, c. 975, provided: "Whoever wilfully and maliciously attempts to set fire to or attempts to burn, or aids, counsels or assists in such an attempt to, set fire to or burn, any of the buildings, structures or property mentioned in the foregoing sections, or whoever commits any act preliminary thereto or in furtherance thereof, shall be punished by imprisonment in a jail or house of correction for not more than two and one half years or by a fine of not more than one thousand dollars.

"The placing or distributing of any flammable, explosive or combustible material or substance or any device in or against any building, structure or property mentioned in the foregoing sections in an arrangement or preparation with intent eventually to wilfully and maliciously set fire to or burn such building, structure or property, or to procure the setting fire to or burning of the same shall, for the purposes of this section, constitute an attempt to burn such building, structure or property."

*wealth* v. *Beckett*, 373 Mass. 329, 341 (1977). *Commonwealth* v. *Montecalvo*, 367 Mass. 46, 54 (1975). *Commonwealth* v. *Obshatkin*, 2 Mass. App. Ct. 1, 2 (1974).

Ali next contends the evidence was insufficient as matter of law because the intended two to three week time span between the placing of the turpentine and the scheduled burning was so great that there could be no crime of attempt to burn the building. This argument must fail because it is based upon the limited notion of attempt considered in *Commonwealth* v. *Peaslee*, 177 Mass. 267, 272 (1901), which was displaced by § 5A. In *Peaslee* the issue, whether the completed acts came near enough to the achievement of the substantive crime so as to constitute a punishable attempt, was resolved by application of the general rule "that preparation is not an attempt. But some preparations may amount to an attempt. It is a question of degree."

Section 5A eliminated this question by specifically defining an attempt, as it related to arson. "The unmistakable terms of § 5A defining what constitutes an attempt have superseded, with respect to cases coming within their sweep, the narrower conception set forth in *Commonwealth* v. *Peaslee*, 177 Mass. 267, upon which the defendant relies." *Commonwealth* v. *Mehales*, 284 Mass. 412, 416 (1933).[3] Ali's acts fall within the scope of the statute: he placed turpentine in a building preparatory to execution of his intention to burn that building in two to three weeks. It cannot be held as a matter of law that an intention to burn a building three weeks hence is too remote under the statute. The very use of the word "eventually" indicates a clear legislative intent to include those situations where the placing and the anticipated

---

[3] Although we note that the act of procuring "the setting fire to or burning of" a building would appear to be comprehended within the definition of "attempt" which is set out in the second paragraph of § 5A, we are not called upon to determine the sufficiency of the evidence on that basis in light of the manner in which the case was presented to the jury.

burning would not occur simultaneously, or even in close temporal proximity. The statutorily permissible time span is limited by the inherent requirement of reasonableness, and we cannot rule as a matter of law that two to three weeks is so remote as to be unreasonable. In such a situation the remoteness of the scheduled burning may create a reasonable doubt as to whether a defendant ever actually possessed the requisite criminal intent. That is a question of the weight rather than the sufficiency of the evidence.

The defendant also questioned the constitutionality of § 5A. He claims that § 5A is unconstitutional on its face due to overbreadth. He argues that the definition of attempt, as it relates to a placing, is defectively vague because of the phrase "with intent eventually to wilfully and maliciously set fire to or burn," and concludes that since the definition is abstruse the statute is overbroad, embracing conduct which could be "far removed from actuating any criminal design." In short, he argues that the statute is overbroad because it is vague. Ali has no standing to assert a claim of vagueness in the statute's possible application to others (*Commonwealth* v. *Orlando*, 371 Mass. 732, 734 [1977]) and our review is limited to the issue of whether § 5A is devoid of any standard and "as applied to [him], does not provide sufficient notice to satisfy due process requirements." *Commonwealth* v. *Bohmer*, 374 Mass. 368 (1978).

A vagueness attack cannot prevail against "an imprecise but comprehensive normative standard." *Commonwealth* v. *Orlando*, 371 Mass. at 734 (1977). *Broadrick* v. *Oklahoma*, 413 U.S. 601, 608 (1973). The statutory use of the word "eventually" pertains to the burning and not the intention to burn, which must clearly exist at the time the flammable substance is placed in preparation for a fire. It cannot be said that this is not readily ascertainable or that persons "of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally* v. *General Constr. Co.*, 269 U.S. 385,

391 (1926). *Commonwealth* v. *Bohmer*, 374 Mass. at 371-372. As explained earlier, the crime is not defined on the basis of the time lapse between the placing and the scheduled fire. That is an evidentiary issue relevant to the defendant's intent. The statute is not unconstitutionally vague as applied to this defendant.

The defendant's final constitutional assertion is that § 5A creates an impermissible presumption contrary to fact. He concedes that a presumption is proper if based upon a rational premise (see *Marshall* v. *United States*, 414 U.S. 417 [1974]; *Commonwealth* v. *Jackson*, 369 Mass. 904, 917-919 [1976]) but argues one does not here exist. We need not test the statute under the "rational relation" standard because it creates no presumption against the defendant. The Commonwealth is nowhere relieved of its burden of proving each element of the crime, nor is the jury precluded from a "consideration of every fact and circumstance tending to show the real motive" of the defendant. *Heiner* v. *Donnan*, 285 U.S. 312, 327 (1932). *Commonwealth* v. *Buckley*, 354 Mass. 508, 510 (1968). Cf. *Leary* v. *United States*, 395 U.S. 6, 30 (1969) (statutory presumption); *Commonwealth* v. *Douglas*, 354 Mass. 212, 219-220 (1968), cert. denied, 394 U.S. 960 (1969).

*Judgment affirmed.*