The defendant appeals from his conviction of assault and battery on a family or household member under G. L. c. 265, § 13M, as appearing in St. 2014, c. 260, § 23. He argues that the evidence was insufficient to prove that he and the victim (his former girlfriend) were in a "substantive dating ... relationship" as defined in G. L. c. 265, § 13M(c )(iii), and that that part of the statute is unconstitutionally vague and violates the separation of powers. We affirm.
1. Sufficiency of the evidence. General Laws c. 265, § 13M(c ), defines "family or household member" as "persons who (i) are or were married to one another, (ii) have a child in common regardless of whether they have ever married or lived together or (iii) are or have been in a substantive dating or engagement relationship." In this case the Commonwealth tried the defendant on the theory that he and the victim were in a substantive dating relationship. We review the evidence in the light most favorable to the Commonwealth to determine whether any "rational trier of fact could have found ... [that] element[ ] of the crime[ ] beyond a reasonable doubt."[2] Commonwealth v. Mendez, 476 Mass. 512, 523 (2017).
The statute provides that, in determining whether a substantive dating relationship exists, the trier of fact shall consider "the length of time of the relationship; the type of relationship; the frequency of interaction between the parties; whether the relationship was terminated by either person; and the length of time elapsed since the termination of the relationship." G. L. c. 265, § 13M(c )(iii). These factors are not elements of the crime, however, and "[t]here does not need to be evidence as to each factor." Commonwealth v. Dustin, 476 Mass. 1003, 1006 n.7 (2016). Rather, the pertinent inquiry is whether the evidence, "taken as a whole, warrants a finding of a substantive dating relationship beyond a reasonable doubt." Ibid.
The evidence here was sufficient to warrant such a finding. The victim testified that the defendant was her "ex-boyfriend" and that they dated for "almost two years." A reasonable juror could infer, consistent with the common meaning of "boyfriend," that the defendant and victim had frequent interactions during their two-year relationship. See Merriam Webster's Collegiate Dictionary 148 (11th ed. 2005) (defining "boyfriend" as "a frequent or regular male companion in a romantic or sexual relationship"). Furthermore, the victim's friend, who had spent time with both her and the defendant, testified that he considered them to be "boyfriend and girlfriend." Finally, at the time of the assault, only a couple of weeks had elapsed since the defendant and the victim had permanently terminated their relationship. Viewing this evidence in its totality, and in the light most favorable to the Commonwealth, a rational jury could have found the existence of a substantive dating relationship within the meaning of § 13M(c )(iii).[3] See Dustin, 476 Mass. at 1006 (evidence sufficient to prove substantive dating relationship where defendant and victim "testified that they had been involved in the relationship for several months, and that it had developed into an exclusive 'boyfriend-girlfriend' relationship"). See also Brossard v. West Roxbury Div. of the Dist. Ct. Dept., 417 Mass. 183, 185 (1994) (substantive dating relationship existed, for purposes of G. L. c. 209A, where defendant referred to victim as his "former girlfriend" and admitted to having had sexual relationship with her for fourteen months).
2. Constitutional challenges. The defendant next argues that § 13M(c ) (iii) is unconstitutionally vague because it does not adequately define what constitutes a substantive dating relationship.[4] For substantially the same reason, he says, § 13M(c )(iii) violates the separation of powers. Because the defendant did not raise these issues below, we review only for a substantial risk of a miscarriage of justice. See Commonwealth v. Oakes, 407 Mass. 92, 94-95 (1990) ; Commonwealth v. St. Louis, 473 Mass. 350, 355 (2015).
"The void for vagueness doctrine requires that criminal statutes be defined in terms that are sufficiently clear to permit a person of average intelligence to comprehend what conduct is prohibited." Commonwealth v. Spano, 414 Mass. 178, 180 (1993). A statute is not vague "if it requires a person to conform his conduct to an imprecise but comprehensible normative standard so that [people] of common intelligence will know its meaning." Commonwealth v. Orlando, 371 Mass. 732, 734 (1977). Put differently, "mathematical precision" is not required. St. Louis, 473 Mass. at 355, quoting from Commonwealth v. Reyes, 464 Mass. 245, 249 (2013).
Here, § 13M(c )(iii) defines "substantive dating ... relationship" with enough precision for an average person to understand its meaning. In C.O. v. M.M., 442 Mass. 648, 650 (2004), the Supreme Judicial Court considered that exact term, as used in G. L. c. 209A, and declined to "add to [the statutory] language by [judicial] interpretation" because the statutory "factors to be considered in determining the existence of a 'substantive dating relationship' " were sufficient "to enable [fact finders] to make informed and consistent determinations." The § 13M(c )(iii)"factors are essentially identical to the factors set forth in G. L. c. 209A to determine whether a 'substantive dating relationship' exists." Dustin, 476 Mass. at 1005.
We recognize that C.O. arose in a civil context and that the void-for-vagueness doctrine requires more clarity and precision when the Legislature is defining criminal conduct. See Gurry v. Board of Pub. Accountancy, 394 Mass. 118, 127 (1985). But even so, § 13M(c )(iii) passes constitutional muster. The Legislature's inclusion of the five factors provides standards for an ordinary person to understand what type of conduct is prohibited. Cf. Commonwealth v. Freiberg, 405 Mass. 282, 289 (1989) ("extreme atrocity or cruelty" not unconstitutionally vague because judicially created factors "provide[ ] meaningful guidance to juries in their consideration whether to find a defendant guilty of first degree murder on that ground"). Given the "inherently personal and idiosyncratic" nature of dating relationships, C.O., 442 Mass. at 653, a more specific definition would be impractical. In this situation the void-for-vagueness doctrine allows the Legislature to employ "a normative standard [that] informs a potential defendant that his common sense in most cases will define proscribed conduct." Orlando, 371 Mass. at 735.
We observe in closing that the inclusion of the five factors in § 13M(c )(iii) makes it at least as clear and definite as other criminal statutes that have withstood constitutional challenges on vagueness grounds. See, e.g., Reyes, 464 Mass. at 248-249 (upholding statute requiring firearms to be "secured in a locked container," even though that term was "not further explicated by the statute"); St. Louis, 473 Mass. at 356-357 (upholding statute criminalizing indecent assault and battery on person with intellectual disability, even though "intellectual disability" was not defined in statute); Commonwealth v. Daly, 90 Mass. App. Ct. 48, 51-52 (2016) (upholding statute punishing whoever "cruelly beats" an animal).
Judgment affirmed.

The record reveals ample evidence on which the jury could have found that the defendant committed the assault and battery itself. The defendant raises no claim to the contrary.

While we conclude that the evidence was sufficient, we note that it would be better practice for the Commonwealth to elicit more detailed testimony regarding the § 13M(c )(iii) factors. See, e.g., Dustin, 476 Mass. at 1006.

During oral argument the defendant clarified that he was raising both a facial and an as-applied challenge. The Commonwealth has not argued that the defendant's "conduct falls squarely within the hard core of the [law's] proscriptions," so as to deprive him of standing to raise a facial challenge. Commonwealth v. Orlando, 371 Mass. 732, 734 (1977) (quotation omitted). Chief of Police of Worcester v. Holden, 470 Mass. 845, 860 (2015). We will assume, without deciding, that the facial challenge is properly before us.